## WELLS vs. OGDEN and others.

*Written contract, when reformed—Deed.*

1. It is well settled that a written instrument will not be reformed on the ground of mistake, except upon the clearest and most satisfactory proof.

2. Plaintiff deeded "the E. half of the E. half of the S. E. qr." of a cer-tain section "containing forty acres *more or less according to the gov-ernment survey,*" and "the W. half of the S. W." of another section, "containing eighty acres *more or less, according to the government sur-vey.*" The two tracts contain in fact about one hundred and twenty-nine acres.    He claims that he sold exactly one hundred and twenty acres from the west end of his farm, and did not intend to convey any more, and asks to have the deed reformed etc.    It appearing that

he himself furnished the description of the land inserted in the deed, and there being no clear and conclusive evidence to show that the agreement and intention were as now claimed by him, the court below did not err in dismissing the complaint.

APPEAL from the Circuit Court for *Fond du Lac* County

Action to correct an alleged mistake in a deed, and to compel a reconveyance, or to declare the title to a portion of the premises to be in the plaintiff. The opinion states the case. Finding for defendants, and judgment that the complaint be dismissed with costs, from which plaintiff appealed.

*A. M. Blair*, for appellant.

*Gillet & Taylor, contra.*

COLE, J. This action was brought to reform a deed and to compel a reconveyance to the plaintiff of nearly nine acres included therein. The land conveyed was described in the deed as being "the east half of the east half of the southeast quarter of section twelve, township fifteen, range seventeen east, containing forty acres more or less, according to government survey. Also, the west half of the southwest quarter of section seven, township fifteen, range eighteen east, containing eighty acres more or less, according to government survey."

It appears from the evidence, that about nine months before the commencement of the suit, the plaintiff sold a portion of his farm off the west end of the same. The plaintiff claims that the contract was for the sale of a specific number of acres, that is, one hundred and twenty, at the price of $60 per acre, and that he did not intend to convey any more than this precise quantity of land. It is admitted that the west half of the southwest quarter of section seven contains, according to government survey, eighty-eight and ninety-seven hundredths acres; and it is the excess over eighty acres in this tract, which the plaintiff seeks to have reconveyed. The defendant claims that he purchased the land as a whole, by the government descriptions, and that, if the land in any subdivision exceeds the usual quantity, the excess belongs to him.

The power of a court of equity to reform a deed where there is a mistake in a material part, is not questioned by the counsel for the defendant; but he insists that the court will decline to exercise its jurisdiction for that purpose, unless the mistake is established by the most satisfactory evidence. And he claims that the proof does not show with any certainty, that there was a mistake made in the conveyance which is sought to be reformed.

It seems to us impossible to say that the alleged mistake really occurred, and that the deed conveys more land than the parties intended it should. The most that can be said is, that the evidence relating to the question of fact is quite conflicting and contradictory. The plaintiff swears, in substance, that the contract was that he was to convey one hundred and twenty acres off the west side of his farm, and that when he executed the deed he supposed that it included that number of acres and no more. But the evidence is quite clear and satisfactory to show that the descriptions of the land, as contained in the deed, were furnished by the plaintiff. It is quite probable, however, that he was not familiar with the public surveys, and did not know that the west half of the southwest quarter of section seven contained more than eighty acres; and yet we cannot say that these facts even are established beyond doubt. But the language of the deed would seem to be decisive upon this question of fact, and satisfies us that we would not be warranted in this case upon the evidence in granting the relief which the plaintiff seeks. According to the deed the plaintiff conveyed the west half of the southwest quarter of the section *containing eighty acres more or less according to government survey.* This was the description inserted in the conveyance by the direction of the plaintiff himself. If he only intended to convey eighty acres in that tract, why was such language used? Why was the tract described by a government subdivision as being eighty acres, with the qualifying words, *more or less according to government survey,* if the real intention was not to convey a

definite quantity ? It must be assumed that the plaintiff knows the force and meaning of such language; and the question arises, Why was it inserted in the deed, if he only intended to convey a certain number of acres of land off of a certain tract? It seems to us it would be very unsafe to disregard such language when we are endeavoring to ascertain the real intention and understanding of the parties to the contract. This court has time and again decided, that in order to justify a court in reforming written contracts on the ground of mistake, the fact that a mistake occurred must be shown by clear and satisfactory testimony. And the authorities generally concur in holding to this strictness of proof upon this subject. Applying, then, these rules and principles to the case before us, it is impossible to say that the alleged mistake is established by that degree and amount of evidence essential to warrant the interposition of a court in reforming the deed as sought by the plaintiff. We have not deemed it useful to go into a general analysis of the testimony in support of our conclusion.

*By the Court.*—The judgment of the circuit court, dismissing the plaintiff's complaint, is affirmed.