Parker, Appellant, vs. Hull, Respondent.

*March 5 — March 27, 1888.*

*Mistake: Degree of proof necessary: Instructions to jury.*

The trial court, in charging the jury as to the proof of mistake necessary to change the amount of a promissory note, first instructed them that "in order to establish a mistake the proof thereof must be clear, satisfactory, and convincing," but subsequently said that the *burden of proof* was upon the party alleging it to establish the mistake, and by "burden of proof" was simply meant that he must establish the fact "*by a preponderance of the evidence*," that

is, his evidence "must be *more weighty, convincing, and satisfactory* than the proof adduced by the other party." *Held*, that the charge was erroneous, the correct rule first stated being afterwards overruled and changed.

APPEAL from the Circuit Court for *Sauk* County.

Action to recover the balance due upon a promissory note. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant the cause was submitted on the brief of *John Barker.*

*G. Stevens*, for the respondent, to the point that the whole charge should be considered together, cited *Sterling v. Ripley*, 3 Pin. 155; *Kenworthy v. Ironton*, 41 Wis. 647; *Hinton v. Wells*, 45 id. 268; *Woodruff v. King*, 47 id. 265; *State v. McCahill*, 72 Iowa, 111.

ORTON, J. This action is brought to recover the sum of $283, the balance due upon a certain $800 note given by the respondent to the appellant in part for the purchase of one third interest in a grist or roller mill in the city of Baraboo. The defendant claims that there was a mistake made at the time, in calculating the amount that should be put into said note, by not deducting from said amount of $800 the sum of $283 for certain profits that the mill had made, which at that time were not estimated or ascertained but were contemplated by the agreement of the parties. The jury found that such mistake was made, and therefore found for the defendant.

1. The appellant claims that the verdict is against the law and the evidence. We think that the evidence tended to prove that there was a mutual mistake of fact in determining the amount that should be put into the note as claimed by the respondent, and that there was sufficient

evidence to preclude our interference with the verdict on that ground.

2. The contention of the learned counsel of the appellant is that the learned judge before whom this cause was tried erroneously instructed the jury as to the degree or quantum of evidence necessary to establish the alleged mistake. At the request of the appellant's counsel the jury were first instructed that, "in order to establish a mistake, the proof thereof must be clear, satisfactory, and convincing." This was strictly correct. But this brief statement of an abstract legal principle, disconnected from any other part of the instructions, and made before the main and general instructions were in form addressed to the jury, would not be likely to make a very strong or lasting impression upon their minds. The following instruction was the last one given, and upon the declared subject of the " burden of proof," and would be likely to be intently listened to and well remembered, as the correct rule by which the testimony on behalf of the defendant should be measured. This, as the true rule, is stated deliberately, impressively, and at considerable length, and made specially applicable to the facts of the case, and it was illustrated and explained so that the jury must have clearly understood it. The instruction was as follows: "The *burden of proof* is upon the defendant to establish the fact that such a mistake as he claims was in fact made, and that this note was given for $283 more than it should have been by virtue of the terms of the contract between the plaintiff and the defendant. By *burden of proof* is simply meant this: When a party avers a thing which is denied by his opponent, we say the party who avers the fact to exist must take upon himself the trouble or burden of proving it; and when the burden of proof is upon a party he is bound to establish the fact which he alleges and the other party denies *by a preponderance of the evidence;* and by a preponderance of

the evidence is simply meant that the evidence which the party produces in favor of the fact which he affirmatively avers, and which is denied by his opponent, *must be more weighty, convincing,* and *satisfactory* than the proof adduced by the other party by way of answer or by way of overcoming such affirmative proof." The jury then retired with this rule fresh in memory.

It was incumbent upon the defendant to correct and surcharge an account, to reform a written instrument, or to establish a mistake. The rule recognized by all courts in such cases is that the party alleging the mistake must prove it clearly and satisfactorily, and, some courts hold, beyond a reasonable doubt. A mere *preponderance* of evidence is not sufficient. To be *more* weighty, convincing, or satisfactory than the evidence of the other party is not the rule; for that would be simply the rule of preponderance. Abb. Tr. Ev. 463; *Towsley v. Denison,* 45 Barb. 490; *Klauber v. Wright,* 52 Wis. 303; *Wells v. Ogden,* 30 Wis. 637; *Stockbridge Iron Co. v. Hudson Iron Co.* 102 Mass. 45; *Ely v. Early,* 94 N. C. 1, 25 Am. Law Reg. 342. In *Bond v. Dorsey,* 65 Md. 310, the language is that the evidence must be "clear and overwhelming;" citing *Groff v. Rohrer,* 35 Md. 327; *Mendenhall v. Steckel,* 47 Md. 454; *Beard v. Hubble,* 9 Gill, 430. The learned counsel of the respondent virtually admits in his brief that such is the rule, but contends that such rule was given in the first place, and the whole charge must be taken together. The trouble is that the correct rule, so briefly stated in the beginning, was afterwards overruled and changed, and the incorrect rule, of a mere preponderance of the evidence, substituted and impressed upon the jury, and they were quite probably influenced by it. Which rule should they regard,— the first or the last? To say the least of it, the evidence to establish the mistake was not of the clearest or most convincing character or beyond a reasonable doubt. On account of

this error in the charge, the judgment will have to be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.