Jackman v. Inman, 134 Wis. 297.

JACKMAN, Trustee, Appellant, vs. INMAN, Respondent.

*December 18, 1907—January 8, 1908.*

*Witnesses: Competency: Transactions with persons since deceased: Trial: Instructions to jury: Burden of proof: Appeal and error: Prejudicial error: Bill of exceptions.*

1. In an action on a $200 promissory note by the trustee of a decedent's estate, testimony of the defendant that he went into the store of the deceased with $400 in money and came out with the note and but $200 in money is inadmissible, since if it did not tend to prove that defendant paid the note to deceased, who surrendered the note upon such payment, it was immaterial; and if it did tend to prove those facts it was evidence of a transaction had by defendant personally with a person since deceased, through whom the plaintiff derived his title to the cause of action, and the defendant was an incompetent witness thereto under sec. 4069, Stats. (1898).

2. An erroneous instruction on the question of the burden of proof is not corrected by a subsequent clause which places the burden of proof on both sides at once.

3. Errors in the admission of evidence and in instructions to the jury, necessitating the reversal of a judgment, cannot be said to be nonprejudicial unless the appellate court can say that, without such errors, the verdict on which the judgment was founded could have been properly directed.

4. Where neither the note sued upon, nor another note alleged to have been given in its place and afterwards paid, was before the supreme court by being made a part of the bill of exceptions, that court cannot examine the notes to determine a disputed question of handwriting.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

This is an action by plaintiff, as trustee of the estate of W. T. Van Kirk, deceased, to recover upon a promissory note of $200 given by the defendant to the deceased July 7, 1900, which note was found by the plaintiff among the papers of the deceased with an indorsement thereon showing the payment of one year's interest. The defendant claimed that on November 18, 1901, he gave Van Kirk another note of the same amount to take the place of the note sued on (which was then supposed to be lost), and that he subsequently paid the second note with interest and thus discharged the original note. The plaintiff introduced in evidence the original note and rested his case. The defendant introduced in evidence the second note, which was in his own handwriting, payable to Van Kirk, with the following indorsement on the back thereof, which was also in his handwriting: "Interest paid on old note $14, Nov. 18th, 1901, old note lost; if found canceled by this note." He testified that this second note went out of his possession about November 18, 1901, with the indorsement on the back and that the words "old note" referred to the note in suit. On the face of the second note appear in pencil the words "paid in full with interest." The defendant further testified that the second note came back into his possession between the 1st and 10th of November, 1903, with the last-named words on its face. He was then allowed to testify, against objection for immateriality and incompetency, that when he received it back into his possession he was in Mr. Van Kirk's store; that when he went into the store he had about $400 in money with him, and when he came out he had only the second note in his possession and only about $200 in money. Defendant also introduced in evidence without objection a receipt in Mr. Van Kirk's handwriting as follows: "Janesville, Nov. 18, 1901. Received of J. E. Inman fourteen dollars int. on note 1 year. $14. W. T. Van Kirk." One Woodring also testified that he was a clerk in Mr. Van Kirk's store during the years 1901 to 1903, inclu-

sive, and that he remembered *Inman* coming into the store at one time and that Van Kirk wanted his money, and there was some talk or fuss between them about a lost note or a lost key to Van Kirk's safety box. The court, among other things, charged the jury as follows:

"The burden of proof is upon the plaintiff; that is, you must be satisfied to a reasonable certainty by a preponderance of the evidence in the case that the note of July 7, 1900, is neither paid nor canceled by the giving of a new note in its place in 1901, before you can find for the plaintiff."

Before closing his charge, however, he corrected this instruction as follows:

"I have used the wrong word; the burden of proof to show payment of the first note is upon the defendant in this case, I should have said, instead of plaintiff. You will understand the correction, and you will have to be satisfied as to the fact that you find to a reasonable certainty, *whichever it may be,* and make your finding in accordance."

The jury rendered a verdict for the defendant, and from judgment thereon plaintiff appeals.

*William G. Wheeler,* for the appellant.

For the respondent there was a brief by *Fethers, Jeffris & Mouat,* and oral argument by *M. O. Mouat.*

WINSLOW, C. J. The evidence of the defendant that he went into Van Kirk's store with $400 in money and came out with the second note and but $200 in money was doubtless inadmissible. If this evidence did not tend to prove that defendant paid Van Kirk the amount due on the note and that Van Kirk surrendered the note upon such payment it was immaterial; if it did tend to prove these facts then it was evidence of a transaction had by the defendant personally with a deceased person through whom the plaintiff derived his title to the cause of action, and such evidence is excluded by sec. 4069, Stats. (1898). This was practically conceded by the defendant's counsel, and in any event is

settled by the case of *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681.

The first instruction given on the question of burden of proof was admittedly erroneous, and the correction subsequently made is equally unfortunate for the reason that by its last clause it places the burden of proof on both sides at once. These plain errors necessitate reversal of the judgment unless they were nonprejudicial, and to reach this conclusion we must be able to say that, without the evidence so erroneously admitted, a verdict for the defendant could be properly directed. We do not see how it can be so held. In order to justify a directed verdict for the defendant it must conclusively appear that the second note came to the possession of Van Kirk or his agent and was paid, or at least was paid to Van Kirk or to his agent. Striking out the evidence erroneously admitted this fact does not appear. It is argued that the words written across the face of the note, viz., "paid in full with interest," are in Van Kirk's handwriting, but the difficulty is that there was no evidence given on the subject, and in order to justify such a holding the court must be able to say from a comparison of these words with the receipt in evidence that it conclusively appears that they were written by Van Kirk. It would be a very exceptional case, we think, where a court would be justified in deciding such a question from the mere inspection of two very brief written sentences. However, neither paper having been made a part of the bill of exceptions they are not before us. Inasmuch as definite and substantial errors were shown, we must be able to say from the record before us, in order to affirm the judgment, that the errors were nonprejudicial, and this we cannot do even on the theory suggested, because we cannot examine the handwriting of the two papers.

*By the Court.*—Judgment reversed, and action remanded for a new trial.