Carle v. Nelson, 145 Wis. 593.

CARLE and another, Appellants, vs. NELSON, Respondent.

*February 24—March 14, 1911.*

*Sales: Vendee's refusal to accept: Measure of damages: Market value: Evidence: Witnesses: Competency: Special verdict: Form of questions: Burden of proof: Instructions to jury: Appeal: Preju-dicial errors.*

1. The measure of the vendor's damages for refusal of the vendee to accept goods is the difference between the contract price and the market value at the time of delivery fixed by the contract.
2. Market value is fixed by sales made at or about the time in question, and evidence of the price fixed in specific contracts entered into in the past is not competent.
3. The question of the competency of a witness to testify is a matter largely in the discretion of the trial court, and its ruling thereon will not be disturbed if there was no abuse of discretion.

4. Where a witness who had raised and sold eighteen crops of tobacco testified that he did not know the price tobacco was sold for at the time in question, but also testified that he knew what others were getting for tobacco at that time, although he did not really know it was the market value, it was proper to receive his testimony as to market value.

5. Where, after refusal of the vendees to receive his tobacco, the vendor sold the same for the best price obtainable in the vicinity, using all reasonable efforts to that end, the price so obtained settles the question of market value and furnishes the basis for measuring the vendor's damages.

6. Each question in a special verdict should be so framed that the issue will be determined by any responsive answer thereto.

7. Thus, the issue being as to market value, a question asking in effect, Did the vendor use reasonable efforts to sell the tobacco at the highest price obtainable in the vicinity after it was rejected by the vendee? was objectionable because if answered in the negative the issue would not be determined. But the answer in this case being in the affirmative, the error was harmless.

8. The issue made by the complaint and answer and the issue made by a counterclaim and reply are distinct issues in different causes of action and should never be embodied in the same question in a special verdict, even though they apparently relate to the same subject matter.

9. As to each question properly submitted for special verdict the burden of proof is either upon the plaintiff or upon the defendant. It cannot rest partly upon each.

10. An instruction as to a material question to the effect that, whether they answered it yes or no, the jury should be satisfied to a reasonable certainty by the preponderance of the evidence that the fact was as expressed in such answer, was erroneous as against the party upon whom the burden of proof did not properly rest.

11. The party upon whom such an instruction casts a greater burden than the law requires may justly complain thereof if the jury's answer is unfavorable to him.

12. The error in such a case must be deemed to have affected substantial rights of the party so complaining, within the meaning of sec. 3072m, Stats. (Laws of 1909, ch. 192), if there was any evidence in the case to support a finding in his favor, since the court cannot say but that the jury might have so found under correct instructions.

13. Such an error is not cured by another and correct instruction as to the burden of proof.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

Action brought to recover the sum of $75 which defendant received from plaintiffs as an advance payment upon the purchase price of his 1906 crop of tobacco, which was never delivered. The defendant interposed a counterclaim alleging that, although the tobacco conformed to the requirement of the contract of purchase, it was rejected by plaintiffs, to his damage in the sum of $187.65, for which sum, less the $75 paid him, he demanded judgment. Upon the verdict of the jury the court awarded judgment in favor of defendant upon his counterclaim in the sum of $184.95 and dismissed plaintiffs' complaint. The plaintiffs appealed.

The cause was submitted for the appellants on the brief of *Daniel H. Grady,* and for the respondent on that of *Aylward, Davies, Olbrich & Hill.*

VINJE, J. Defendant introduced evidence as to market value of tobacco at the time his was to have been received, for the purpose of showing the damage he had sustained by reason of its rejection by plaintiffs. Obviously the measure of his damage was the difference between the contract price and the market value at the time of delivery called for by the contract. In this state of the case plaintiffs claimed it was error to exclude testimony offered by them to show how the price in the contract in question compared with that in other contracts under which tobacco was being received at the time. The exclusion of this evidence was manifestly correct. The price of tobacco as fixed by specific contracts entered into in the past was not competent evidence as to the market value of tobacco at the time delivery was to be made by the defendant. Market value at any given time is fixed by sales made at or about that time, and not by sales under specific contracts made in the past.

Plaintiffs also assign as error the admission of defendant's testimony on the question of market value on the ground that

he had shown himself incompetent.  It is true he testified at one place that he did not know the price tobacco was selling for at that time, but he also testified he knew what others were getting for tobacco at that time, although he did not really know it was the market value.  It appeared from the evidence that defendant had raised tobacco for eighteen years and had sold as many crops.  The question of the competency of a witness to testify is a matter resting largely in the discretion of the trial court, and its ruling thereon will not be disturbed on appeal unless there is an abuse of such discretion.  *Robinson v. State,* 143 Wis. 205, 126 N. W. 750. We think it was proper to receive the testimony of defendant as to market value.

It appears that the defendant, after plaintiffs refused to receive his tobacco, sold it to one McGiffin for eleven cents per pound for wrappers and binders and five cents per pound for fillers, instead of the contract price of fourteen and five cents respectively; and the court, in order to ascertain the amount of defendant's damage under his counterclaim, submitted this question to the jury: "Did the defendant use reasonable efforts to sell the tobacco at the highest price obtainable in the vicinity after it was rejected by plaintiffs' agent?" The jury returned an affirmative answer to this question, and such answer, under the rule laid down in *T. B. Scott L. Co. v. Hafner-Lothman Mfg. Co.* 91 Wis. 667, 65 N. W. 513, settled the measure of damages.  It is there said:

"So the true rule is that, in an action for damages for the refusal on the part of the vendee to accept goods as agreed in his contract of purchase, the measure of damages is the difference between the market value of such goods at the time of the breach, and the price the vendee agreed to pay; and when a resale is made within a reasonable time, though made at auction, as in the case of *Bigelow v. Legg, supra* [102 N. Y. 653, 6 N. E. 107], the price obtained is evidence to be considered on the question of the market value at the time of such breach, and if a resale is made, and the evidence shows

that all reasonable efforts were made to secure the best price obtainable, or that the price obtained was a fair one, it settles the question of market value, so that the damages become liquidated."

Here the affirmative answer to the question established the fact that the defendant used all reasonable efforts to sell the tobacco at the highest price obtainable in the vicinity, and hence the price so obtained could be properly considered as the measure of his damages. But it is evident, as pointed out by counsel for plaintiffs, that if a negative answer had been returned, no measure of damages would have been established, and the issue on that branch of the case would have been undetermined. Questions of a special verdict should always be so framed that the issues will be determined no matter how they are answered, assuming the answer to be responsive to the question. In this case, in view of the answer, the error is harmless. But if the trial court had submitted the question requested by plaintiffs' counsel, the issue would have been determined by any responsive answer thereto. That question was: "What was the market value of tobacco of the kind and character specified in the contract, at the time and place for delivery of the tobacco in question as provided by the terms of said contract?" Care should be exercised by trial judges to see that each question of a special verdict is so framed as not only to clearly include the issue of fact intended to be embraced therein, but also to permit its being determined by any responsive answer that may be returned; otherwise parties and the public may be subjected to needless expense.

The first question submitted to the jury read: "Was the defendant's tobacco, when rejected by the plaintiffs' agent, in good packing condition, all trash and damaged tobacco excluded, wrappers and binders packed in bundles with fillers excluded, fillers tied in hands and packed in bundles?" This question was submitted for the purpose of determining

whether or not the defendant was entitled to recover on his counterclaim, that being the only pleading interposed by him, and in reality the only issue between the parties, as the defendant, after the opening of the trial, admitted the contract set out in the complaint; that he received $75 in payment thereon; that no part of the $75 had been repaid; and that no part of the tobacco had been delivered by him under the contract. Hence the burden was clearly upon the defendant to satisfy the jury by a preponderance of the evidence and to a reasonable certainty that the question should be answered in the affirmative. Nevertheless the trial court instructed the jury as follows:

"You will answer this question according to the fact as you are satisfied from the preponderance of the evidence the fact is. That is, you will answer the question 'No' if you are satisfied to a reasonable certainty by the preponderance of the evidence that the fact is as expressed by such answer, and you will answer the question 'Yes' if you are satisfied to a reasonable certainty by the preponderance of the evidence that the fact is as expressed by that answer."

It is possible that such an instruction might be held nonprejudicial were a proviso added that in the event the evidence was so evenly balanced that the jury were unable to determine upon which side the preponderance lay then they should answer it in the negative. In the absence of such a proviso, and as given, it was clearly erroneous. Counsel for defendant makes this ingenious argument:

"The situation regarding the first question of the verdict and the instruction applicable thereto undoubtedly appealed to the trial court thus: The plaintiffs' right to recover is predicated upon the jury's answering the first question of the verdict 'No;' the defendant upon his counterclaim predicated his right to recover upon the jury's answering the *same question* 'Yes.' Both demanding affirmative relief, the one recovering had the burden of establishing the fact as he claimed it to be to a reasonable certainty by a preponderance of the evidence. Hence the charge as given upon this question."

If such a construction be given the question then it is a double one, asking, in effect, Are the plaintiffs entitled to recover on their complaint? and, Is the defendant entitled to recover on his counterclaim? The submission of such a question would be error. The issue made by a complaint and answer and the issue made by a counterclaim and reply are distinct issues in different causes of action and should never be embodied in the same question though they apparently relate to the same subject matter. Each question of a special verdict must relate to a single material issue of fact and admit of a direct answer. Sec. 2858, Stats. (1898). And as to each question the burden of proof is either upon the plaintiff or the defendant. It cannot rest partly on each. *Jackman v. Inman,* 134 Wis. 297, 114 N. W. 489. We think the only rational construction that can be given the question, in view of the pleadings, admissions, and state of the case at the time the instructions were given, is that it was submitted to settle the issue as to whether or not the defendant should recover on his counterclaim. That being so, the burden was upon him to show himself entitled to an affirmative answer by the requisite *quantum* and quality of proof.

But it is urged, even if the burden of proof did rest upon the defendant to establish the affirmative of the question, the instruction given did not and could not prejudice the plaintiffs, inasmuch as by answering the question "Yes" they must have found such fact by a preponderance of the evidence and to a reasonable certainty. This reasoning seems plausible, but it overlooks the fact that the jury may have arrived at the answer they did owing to the erroneous instruction that they could not answer it in the negative unless they were satisfied by a preponderance of the evidence and to a reasonable certainty that it should be so answered. It is manifest that the instruction, "you will answer the question 'No' if you are satisfied to a reasonable certainty by the preponderance of the evidence that the fact is as expressed by such answer,"

was erroneous and prejudicial to plaintiffs, because in the absence of sufficient evidence to preponderate in favor of an affirmative answer they should have been instructed to answer it in the negative. But this the instruction did not permit them to do. Had they answered it "No," the plaintiffs would be in no position to allege error on account of the erroneous instruction, as the answer would have been favorable to them. It ought to follow as a matter of course that a party upon whom a greater burden has been cast by an instruction than the law requires can justly complain thereof when the answer is unfavorable to him. Such error cannot be deemed cured by a correct instruction as to the burden resting upon the opposite party. *Jackman v. Inman,* 134 Wis. 297, 114 N. W. 489. As to this question the court should have instructed the jury that the burden was upon the defendant to satisfy them by a preponderance of the evidence and to a reasonable certainty that the question should be answered in the affirmative, and that unless they were so satisfied they should answer it in the negative. The plaintiffs requested an instruction to this effect and the refusal to give it was error. *Pelitier v. C., St. P., M. & O. R. Co.* 88 Wis. 521, 60 N. W. 250; *Ward v. C., M. & St. P. R. Co.* 102 Wis. 215, 78 N. W. 442; *Odegard v. North Wis. L. Co.* 130 Wis. 659, 110 N. W. 809. Where there is an erroneous instruction as to the burden of proof upon a material issue, such error must be deemed to affect the substantial rights of the party, and the provisions of sec. 3072m, Stats. (Laws of 1909, ch. 192), cannot be invoked to save the judgment. Even where a correct rule is stated in the charge, followed later by an erroneous one, it has been held that the error is of such a substantial nature as to work a reversal of the judgment. *Parker v. Hull,* 71 Wis. 368, 37 N. W. 351.

Lastly, we are asked to affirm the judgment, though the charge was erroneous, on the ground that the question of fact embodied in the first question of the special verdict was

neither close nor doubtful, and the jury's answer thereto was abundantly supported by the evidence. Conceding there was ample evidence to support the verdict, still that is not sufficient to prevent a reversal of the judgment. It is only in case the evidence would warrant a direction of the verdict that an error in an instruction as to the burden of proof upon a material issue can be regarded as nonprejudicial. For if there is any evidence in the case to support a contrary finding, the court cannot say but that the jury might have so found under correct instructions. See *Jackman v. Inman,* 134 Wis. 297, 114 N. W. 489. In this case the evidence would sustain a negative answer to the first question, and hence the judgment must be reversed.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.