BUGAJSKI, Appellant, vs. MILWAUKEE WESTERN FUEL COMPANY, Respondent.

*October 6—October 27, 1914.*

*Negligence: Special verdict: Form: Prejudicial error: Master and servant: Injury: Warning of danger.*

1. That which constitutes actionable negligence is not necessarily any mere physical act; it is breach of duty, denominated failure to exercise ordinary care, and proximate relation thereof to the injury complained of.
2. In an action based on negligence a special verdict should be framed with regard to the particular breaches of duty alleged by plaintiff and put in issue by defendant, and each controverted fact in issue should be covered by a question so worded as to describe the particular matter and call for an affirmative or negative answer.
3. In an action for injury to an employee, the failure to submit to the jury, as requested by plaintiff, specific questions upon the issues whether defendant negligently failed to warn and instruct plaintiff of dangers incident to the particular employment in which he was engaged when injured and, if so, whether such failure was the proximate cause of the injury, was prejudicial error, even though the instructions were such that, in a way, the questions which were submitted covered those issues, it appearing that by reason of the faulty submission of the case the jury failed to understand it and an ambiguous if not inconsistent verdict resulted.

APPEAL from a judgment and order of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Reversed.*

Action to recover satisfaction for a personal injury.

March 31, 1911, plaintiff, while in the performance of his duties as an employee of the defendant, was severely injured. The issues under the pleadings included the question of whether defendant was actionably negligent in respect to failing to warn plaintiff of the dangers of his employment and directing him to do the particular work without proper instruction in respect to how to avoid such dangers, and whether contributory negligence of plaintiff aided in producing his injury.

The operation plaintiff was engaged in when injured consisted of managing a steel cable in the process of moving cars into place to be loaded with coal. Such operation included attaching one end of the cable to the car to be moved, winding the other end several times around an iron spool, set on a horizontal shaft a convenient distance from the floor, and by standing back of the spool, when in motion, and keeping the cable tight thereon, secure such contact between the spool and the cable as to prevent its slipping by the strain of pulling the car. There were two of these machines in the defendant's coal yard, one at the west end and one at the east end. The evidence tended to show that plaintiff had worked with the former, but not with the latter prior to the occasion in question. The work was dangerous to one not familiar therewith. Plaintiff was assigned to such work at the east machine without instructions as to how to do it or the dangers incident thereto. There was no material difference between the two machines. The cable was somewhat more liable to slip on the east than on the west one, requiring more turns of the cable on the spool in order to secure the required friction hold. Plaintiff knew how to wind the cable around the spool and, generally, how to operate the appliance. He used five winds on the occasion in question according to the custom as to the other machine. Commonly more winds were required on the particular machine. There was a rule of the company that employees in doing such work should wear leather

gloves and such were provided for their use. Plaintiff had been observed at the work of operating the west machine and he did it properly. There had been opportunity for him to observe the manner of doing the work on the particular machine. The men who customarily operated the latter were sent to do other work and plaintiff was, temporarily, called to take the place. At that time the foreman was handling the cable. Plaintiff stood by to take the foreman's place as soon as the operation then going on was through. He was within a few feet of the machine and where he could not have avoided seeing how the work was done, which he was about to undertake, had he made any effort to do so. He said he did not make any such effort. After the foreman gave way, plaintiff, without receiving or asking any special instructions and without using the regulation leather gloves, took the cable and with four or five winds around the spool and his hands armed with cotton gloves, attempted to hold the free end of the appliance so as to give it the requisite hold on the spool. The cable slipped, jerking him forward so as to engage his body with the cable and spool and severely injuring him. The leather gloves were not designed to guard against danger of the cable slipping. There was an absence of evidence as to how the cable was wound on the spool, except as to the number of winds.

Plaintiff's counsel requested the court to submit, as part of the special questions to be answered by the jury, this: "Did defendant negligently fail to warn and instruct plaintiff of latent dangers incident to the work at the nigger-head? If you answer the above question 'Yes,' was such failure to warn and instruct the plaintiff, as so found, the proximate cause of his injuries?" What was thus called a "nigger-head" is called a spool in this statement.

The jury found as follows: Plaintiff was directed by defendant to do the work he was engaged in at the time he was injured. Such direction was the proximate cause of the in-

jury.   Plaintiff failed to exercise ordinary care which contributed to produce the injury.   He was damaged to the extent of $8,000.

Judgment was rendered in defendant's favor on the verdict.   In passing upon plaintiff's motion for an order setting aside the verdict and granting a new trial, the trial court filed a statement in writing to the effect that, at the close of the evidence it was considered by counsel for both parties that there was a jury question on the evidence as to whether plaintiff failed to exercise ordinary care which failure contributed proximately to produce his injury.   No request to charge on that subject was made nor suggestion of reason why the charge given was not correct.   There was such field for jury interference in the matter, that to grant the request to disturb the verdict would be to "yield to that sympathy for the plaintiff's misfortune which makes it so hard for courts and juries to try such cases, that it is as much the duty of the court in passing upon such applications to be unmoved by prejudice, passion, or sympathy as it is for the jury to act free from any such influence."

Upon several affidavits tending to show existence of additional evidence as to there having been a substantial difference in the dangers incident to operating the particular machine from the one plaintiff was familiar with, his counsel moved the court to set aside the verdict and grant a new trial. The motion was denied.

For the appellant there was a brief by *John C. Kleczka* and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. W. D. Corrigan* and *Mr. Kleczka.*

For the respondent there was a brief by *Doe, Ballhorn & Wilkie,* and oral argument by *J. B. Doe.*

MARSHALL, J.   The negligence of defendant, claimed, is failure to warn appellant of the dangers incident to his employment which were known to the former, or reasonably

ought to have been known to it, and which were, as respondent knew, or ought reasonably to have known, not within the knowledge of appellant.   Those matters were put in issue by the pleadings and were vital in the case.   They should have been covered by appropriate questions so phrased as to have plainly challenged the attention of the jury thereto.   That was not done.   The failure to do so, in the face of the request by appellant's counsel for submission of such issues, was a denial of a statutory right and plainly error, as this court has often held.   *Sufferling v. Heyl & Patterson,* 139 Wis. 510, 121 N. W. 251; *Carle v. Nelson,* 145 Wis. 593, 599, 130 N. W. 467.

Counsel for respondent answer the assignment of error mentioned by suggesting that there was no question on the evidence but that the duty to instruct and warn existed, if there was any necessity therefor by reason of inexperience of appellant, and that no instruction or warning was given; so whether there was failure of duty arising to the dignity of actionable negligence, depended upon whether appellant was in need of instructions and that was covered, in terms or effect, in the questions which the court submitted.

It may be that enough can be spelled out of the verdict in connection with matters conclusively appearing, to cover the case; but it were better for special verdicts to be carefully framed, as this court has time and again suggested, each fact in issue by the pleadings, and evidentiarily controverted, being covered by a question, using words which, in their literal sense, describe the particular matter and so as to call for an affirmative or negative answer.   That was not done here.   There was a wide departure from such rule.   The verdict seems to have been framed without regard to the particular breaches of duty pleaded by appellant and put in issue by respondent.   No specific matter is covered by any question constituting want of ordinary care on the part of defend-

ant. Two questions, only, were devoted to its alleged fault: First, Did the defendant's foreman direct plaintiff to do the work? and second, If so, was such direction the proximate cause of the injury?

Obviously, there was no fault in merely directing appellant to serve as cable man. Whether there was fault or not depended upon whether he, from want of experience known to respondent, or which reasonably ought to have been known to it, needed instructions as to how to do the work, and warning of the dangers incident to not doing it properly.

The learned trial court seems not to have appreciated that it is breach of duty, denominated failure to exercise ordinary care, and proximate relation of such failure to the injury, which constitutes actionable negligence, and not, necessarily, any mere physical act. Since the first question was confined to the act of directing appellant to do the particular work, it should have been followed by a question, or questions, covering matters pleaded, making such direction, under the circumstances, a negligent act, or, at least, by some such question as,—did the foreman in directing plaintiff fail to exercise ordinary care,—in connection with such instructions as would make such question give vitality to the first question.

We do not overlook the fact that the court so instructed, in respect to the question as to whether the direction of plaintiff to do the work was the proximate cause of his injury, that in order to answer in the affirmative the jury were required to find that, when the foreman gave the fatal directions, he reasonably ought to have apprehended that a personal injury to plaintiff or some one might probably result, and, so, the jury, in answering Yes, logically, must have so found, and thus, in a way, covered the question of whether there was culpable negligence in failing to warn and instruct. Thus, by construction, the verdict may, perhaps, be said to include the material issues. Doubtless, under the now well recognized

duty here to pass over imperfections as inconsequential which do not affirmatively appear to have, within reasonable probabilities, influenced the result unfavorably to the party complaining, all reasonable inferences should be indulged in to support a verdict, and those things appearing by such inferences and by reasonable construction should be considered embodied therein. But, if in answering the two questions, the jury passed on the issue as to actionable negligence, so as to make a substantially perfect verdict in that regard, the consequence would seem to be that appellant was so inexperienced as to leave little or no room for a finding of contributory negligence; that the two appear somewhat, if not quite, inconsistent. If appellant breached his duty to conserve his own safety, then it would seem that he was not so wanting in experience as to render respondent culpably negligent in directing him to do the work without instructions and warning. It looks as if the jury found defendant actionably negligent, in that it failed to give its inexperienced employee proper instructions or warning, and then turned about and convicted appellant of a breach of duty as to self care because he knew, or ought to have known, of the dangers incident to the work.

We are constrained to hold that by reason of faulty submission of the case, the jury failed to understand it and an ambiguous, if not inconsistent, verdict resulted. It may well be that, had the case been more carefully submitted so as to have given the jury a clear conception of the several controverted issues of fact, the result might have been more favorable to appellant.

The result of the case is most unfortunate to the parties and the public as well. It may admonish as to the importance of following the statute and the decisions of this court as to the manner of submitting a case for a special verdict. There is nothing difficult about it. It is hoped that the law requiring this court to overlook all errors not so consequential

as to affirmatively appear from the whole record to have worked prejudicially to the party complaining, in that had they not occurred the result might have been more favorable to him, will not promote inattention to the essentials of correct practice.

*By the Court.*—The judgment is reversed, and cause remanded for a new trial.