BUGAJSKI, Respondent, vs. MILWAUKEE WESTERN FUEL COMPANY, Appellant.

*March 17—April 11, 1916.*

*Master and servant: Injury caused by latent danger: Warning: Duty of master: Delegation to foreman: Evidence: Variance: Harmless error.*

1. The duty of an employer to warn and instruct an employee as to hidden or latent dangers of the employment which are known to the employer and unknown to the employee, is one which cannot be delegated.

2. Thus, in this case, although the defendant company had put into effect a positive rule prohibiting its foreman from assigning inexperienced men to work at a niggerhead by means of which and a wire cable cars were moved in and about its coal docks and yards, it was nevertheless liable for negligence of such foreman in setting the plaintiff, an inexperienced laborer, to operate such niggerhead without warning or instruction as to the latent dangers incident to such operation,—it appearing that the foreman had authority to select men and break them in as operators and that plaintiff was subject to his direction.  *Gereg v. Milwaukee G. L. Co.* 128 Wis. 35, distinguished.

3. Although there was no allegation in the complaint as to defective condition of the tracks on which cars were being moved at the time of the accident, the admission of evidence as to their condition was, if error, not prejudicial to defendant.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

On March 31, 1911, the plaintiff was employed by the defendant as a laborer in and about its coal docks and yards in the city of Milwaukee. The defendant maintained a sidetrack extending in an easterly and westerly direction adjacent to its coal shed, from which shed cars were loaded with coal by means of hoppers and spouts, and in the process of loading the cars it was necessary that they be moved along the track and spotted as desired. This was done by means of a long wire cable, one end of which was wound around a horizontal iron spool called a niggerhead, to which power was imparted,

and the other end of the cable attached to the car to be moved along the track. In operating the niggerhead it is necessary that a man stand behind it with his hands upon the wire cable to hold the cable taut and remove it from the niggerhead as the car approaches. Plaintiff was thus engaged when the cable suddenly jerked and slipped and became involved in his clothing, his hand was drawn in between the cable and the niggerhead, and his body thrown against the cable, as a result of which his left hand and arm were severed and four ribs broken and his body and head otherwise bruised.

The complaint charged the defendant with negligence by reason of its failure to properly guard the niggerhead and the drum and shafting in connection therewith, for failure to furnish a safe cable, and for failure to warn plaintiff of the dangers incident to his employment, the complaint further alleging that previous to the day of the accident plaintiff had been employed by defendant as a common laborer only and had never worked around machinery and was not familiar with its operation, and that on this day he was directed by defendant's foreman to work at the niggerhead without warning or instruction in reference thereto. The answer of the defendant was a general denial. The jury, by its answers to questions submitted on a special verdict, found in favor of the plaintiff and assessed his damages at $5,000. From a judgment entered in accordance with such verdict defendant appeals.

For the appellant there was a brief by *Doe, Ballhorn, Wilkie & Doe,* and oral argument by *H. M. Wilkie* and *J. B. Doe.*

For the respondent there was a brief by *J. C. Kleczka* and *Glicksman, Gold & Corrigan,* and oral argument by *Mr. W. L. Gold* and *Mr. Kleczka.*

ROSENBERRY, J. This case was before this court on a former appeal and it was there held that the evidence, which was not substantially different from the evidence now before us,

was sufficient to take the case to the jury upon the issuable facts, and were that not the case we could not say that there is no credible evidence to support the verdict.    *Bugajski v. Milwaukee Western F. Co.* 158 Wis. 454, 149 N. W. 277.

The defendant earnestly contends that its motion for judgment in its favor notwithstanding the verdict should have been granted, for the reason that "there is no evidence of any breach of any duty of defendant toward plaintiff.    Defendant is not responsible for the negligence of Fisher or Budner, fellow-servants of plaintiff."

The defendant claims that by making and putting into effect a positive rule prohibiting Fisher or Budner from assigning inexperienced men to work at the niggerhead it discharged its duty to the plaintiff and was not liable for any negligence of Fisher or Budner in putting the plaintiff to work at the niggerhead without warning or instructions.    It appeared that the foremen, while forbidden to send inexperienced men to work at the niggerhead, were authorized to select men and to break them in as operators, and that the plaintiff was subject to the direction of the foreman Fisher at the time of his injury.    The question of whether or not the defendant is liable depends upon whether the duty to warn the plaintiff under all the circumstances was one which it might delegate to its foremen.    The defendant claims it was such a duty and relies upon the case of *Gereg v. Milwaukee G. L. Co.* 128 Wis. 35, 107 N. W. 289, as sustaining its position in that respect.

We think this case is clearly distinguishable from the *Gereg Case,* and for this reason: The danger to which the plaintiff in that case was subject was one as well known to the plaintiff as to the defendant.    There was nothing latent or hidden about it; it was perfectly obvious.    The foreman having been instructed to warn the workman of the approaching car and having undertaken the performance of that duty, and it appearing that he was competent to perform the same, his

negligence in failing to give the warning in accordance with his instructions was that of a fellow-servant. In the instant case the danger was hidden, latent, unknown to the plaintiff and known to the defendant, and it was the defendant's duty to warn and instruct the plaintiff in respect thereto, and it has been repeatedly held that an employer's duty in this respect cannot be delegated, and that the person charged with the duty of giving the warning or instruction stands in the place of the employer. *Wysocki v. Wis. Lakes I. & C. Co.* 121 Wis. 96, 98 N. W. 950; *Gussart v. Greenleaf S. Co.* 134 Wis. 418, 114 N. W. 799; *Schmolt v. H. W. Wright L. Co.* 145 Wis. 577, 130 N. W. 499; 4 Labatt, Mast. & Serv. (2d ed.) § 1508.

It being established by the verdict that the plaintiff was set to work at the niggerhead without warning or instruction, the duty to give such warning being one which the defendant could not delegate, it necessarily follows that the defendant is liable for the negligence of its servant in that respect.

The defendant further contends that the trial court erred in admitting evidence as to the condition of the railway tracks on which the cars were being moved at the time of the accident. While there is no allegation in the complaint that the railway tracks were defective or that any defective condition of the tracks contributed to the injury, we cannot say that under the circumstances of this case the admission of this evidence constituted reversible error, if error it was.

*By the Court.*—Judgment affirmed.