KAUSCH, Respondent, vs. CHICAGO & MILWAUKEE ELECTRIC RAILWAY COMPANY, Appellant.

*December 15, 1920—January 11, 1921.*

*Carriers: Interurban railways: Injuries to person about to board car: Special verdict: Framing questions: Burden of proof: Evidence: Res gestæ: Argument of counsel: Correction of judgment: Clerical mistake.*

1. By mistake a judgment in an action in the civil court of Milwaukee county was entered against the N. company instead of the M. company. The N. company appealed to the circuit court. The M. company was brought in on an order to show cause, and the action was dismissed as to the N. company and affirmed as to the M. company. *Held* that, there being no prejudice to the M. company, the circuit court properly corrected the judgment instead of remanding the case for that purpose.

2. Where the complaint alleged that defendant's street car was standing still when plaintiff attempted to board it and that it was negligently started up suddenly, throwing him against a parked automobile and injuring him, it was error to give an instruction placing on defendant the affirmative of the issue presented by the question to the jury, Was the car in motion when plaintiff attempted to board it?

3. Questions submitted to the jury should be so framed as to put the burden of proof on the affirmative; and the placing upon the wrong party of the burden of proof as to a material issue is prejudicial error, where the jury's finding is against such party.

4. A statement in the argument of counsel that witnesses have been persuaded to come in and perjure themselves, there being nothing to warrant such implication, is improper.

5. The testimony of a passenger on the car that after it started up again he upbraided the conductor for not picking up the man is inadmissible, not being part of the *res gestæ*, and, even if so considered, not being an expression characterizing the injury.

Kausch v. Chicago & M. E. R. Co. 173 Wis. 220.

APPEAL from a judgment of the circuit court for Milwaukee County: OSCAR M. FRITZ, Circuit Judge. *Reversed.*

Action begun in the civil court of Milwaukee county against the Chicago, North Shore & Milwaukee Railroad and this defendant to recover damages for an injury sustained by plaintiff while attempting to board one of defendant's street cars. The complaint alleged "That while your plaintiff was in the act of boarding said street car which had come to a stop and while your plaintiff had one foot upon the platform of said street car and one hand upon the handbar of said street car, the motorman in charge of the operation of said street car negligently and carelessly caused said street car to suddenly and with a fast movement to proceed in a northerly direction on Grove street, causing your plaintiff to be thrown violently and forcibly against an automobile which was parked near the southeast corner of the intersection of Grove street and Lincoln avenue and in close proximity to the north-bound street car track," causing damage to the plaintiff in the sum of $2,000. The answer, among other defenses, alleged contributory negligence on the part of plaintiff and contained a general denial.

The jury, so far as this defendant is concerned, returned a special verdict as follows:

"(1) Was the car of the defendant, *Chicago & Milwaukee Electric Railway Company,* in motion at the time the plaintiff attempted to board the same? *A.* No.

"(2) Was the defendant's, *Chicago & Milwaukee Electric Railway Company's,* conductor guilty of negligence in giving the signal to start the car while plaintiff was in the act of boarding the car? *A.* Yes."

"(7) Was the plaintiff guilty of any want of ordinary care which proximately contributed to produce his injury? *A.* No.

"(8) If the court should be of the opinion that the plaintiff is entitled to recover, at what sum do you assess his damages? *A.* $2,000."

Upon this special verdict, by mistake a judgment was en-

tered against the Chicago, North Shore & Milwaukee Railroad. It appealed to the circuit court, and the defendant was brought in on an order to show cause why it should not prosecute the appeal in the circuit court. The trial resulted in a dismissal of the action as to the Chicago, North Shore & Milwaukee Railroad and in an affirmance of the judgment as to the defendant, it having been substituted in place of the Chicago, North Shore & Milwaukee Railroad to cure the clerical mistake that occurred in entering up judgment against the wrong defendant. From the judgment so entered the defendant appealed.

For the appellant there was a brief by *Edgar L. Wood* of Milwaukee, attorney, and *A. L. Gardner* of Chicago, of counsel, and oral argument by *Mr. Wood.*

For the respondent there was a brief by *Ray J. Cannon* and *A. W. Richter,* both of Milwaukee, and oral argument by *Mr. Richter.*

VINJE, J.    Error is claimed because the circuit court did not dismiss the appeal of the Chicago, North Shore & Milwaukee Railroad and send the case back to the civil court for correction of the judgment. Since it is apparent that it was a pure clerical mistake to render judgment against the Chicago, North Shore & Milwaukee Railroad instead of against the defendant herein, and since it was brought in and had its day in court without in any respect, so far as we can see, being prejudiced by the manner of its appearance, we conclude that the circuit court properly corrected the judgment instead of remanding the case for that purpose.

The plaintiff alleged, and the burden is upon him to prove, that the car stood still when he attempted to board it. The negligence complained of was the sudden starting of the car while he was in the act of boarding it. No recovery can be had unless such negligence is established by a preponderance of the evidence and to a reasonable certainty, for it is the very gravamen of the action. And the burden of proof is

Kausch v. Chicago & M. E. R. Co. 173 Wis. 220.

upon the plaintiff to establish it. Nevertheless the civil court instructed the jury that the burden of proof was upon the defendant to prove the affirmative of the issue presented by question No. 1. This was error. The court should have instructed the jury that the burden of proof was upon the plaintiff to establish the fact that the car was not in motion when he attempted to board it. Or, better still, the question should have been so framed as to call for plaintiff's proving the affirmative by wording the question as follows: Was defendant's car standing still when plaintiff attempted to board it? Questions should always be so framed as to put the burden of proof upon the affirmative. This court has consistently held that the placing upon the wrong party of the burden of proof as to a material issue is prejudicial error where the jury finds against the party upon whom the burden has been wrongly placed. *Parker v. Hull,* 71 Wis. 368, 37 N. W. 351; *Carle v. Nelson,* 145 Wis. 593, 130 N. W. 467; *Pennsylvania C. & S. Co. v. Schmidt,* 155 Wis. 242, 144 N. W. 283.

It will be observed from an examination of the special verdict that nowhere was the plaintiff required to prove the issue tendered by it. The second question could be answered in the affirmative as a matter of law where, as here, the conductor said he saw plaintiff attempting to board the car—assuming it was standing still, as the question does. The defendant and the conductor claim the car was moving when plaintiff attempted to board it.

Since there must be a reversal because the burden of proof was wrongly placed upon defendant as to a material issue found against it, it is perhaps not necessary to refer to other errors claimed except to those that may occur again. Of such there are two.

There was conflict in the testimony as to whether defendant's servants assisted plaintiff to get on the car after he was hurt. He did get on the car. A witness for plaintiff, one Wawrzyniakowski, was permitted four or five times to

repeat a conversation he had with the conductor of the car after the accident. Plaintiff's counsel, during the examination, call it an argument. Each time this in substance was elicited from the witness: "I told him this way. You ought to pick the man up. You haven't pity on a man. They have pity for a dog and take him to the gutter. You don't have pity for this man. Those are the words I said." Repeated objections to this testimony were seasonably made as well as motions to strike it out, but without avail, and in the argument to the jury a number of changes were rung on the fact that defendant had no pity for a man but did have for a dog. One sample will suffice. "I will characterize it that they did permit him to lay out in the street just like a yellow dog. You did not care for him any more than for a yellow dog at the time." The fact was that the street car stopped as soon as the accident was discovered and plaintiff proceeded as a passenger on it.

Two young men, one fifteen years of age and the other twenty, testified in substance that they were passengers on the street car; that they saw plaintiff come out from near the end of the automobile and attempt to get on the car while it was moving; that the reason they watched was because he attempted to board a moving car; that there were few passengers on the car and the conductor asked their names and wrote them down, and that they had talked with counsel for defendant about the facts they could testify to. In commenting on this testimony to the jury counsel for plaintiff said: "The young men who testified on behalf of the railway company had been persuaded and caused to come in and perjure their young souls in this case;" and again, "I claim that there is somebody else back of the scenes that induced these two young men to come into court and to testify to something that you, gentlemen, yourselves know and Mr. Helmuth knows was not true—do men who resort to such tactics deserve your confidence and consideration?"

Judicial utterances condemning such arguments have been too frequent and emphatic to need repetition here. *Brown v.*

*Swineford,* 44 Wis. 282; *Andrews v. C., M. & St. P. R. Co.*
96 Wis. 348, 71 N. W. 372; *Sutton v. C., St. P., M. & O.
R. Co.* 98 Wis. 157, 73 N. W. 993. There is nothing in the
case to warrant the implication that the young men had been
persuaded or caused to come and testify falsely. Their evi-
dence, in the opinion of counsel for plaintiff, may not have
had much probative force, and that was a proper subject
of legal argument, but not that there had been subornation
of perjury.

So, too, the testimony of the conversation of the witness
Wawrzyniakowski had with the conductor after the car
started again was inadmissible for two reasons. It was not
a part of the *res gestæ,* and, even if so considered, it was not
an expression characterizing the injury. It was nothing but
the scolding the witness gave the conductor because he
claimed the latter had been remiss in his duty to aid plaintiff
after he was injured. The evidence was incompetent for any
lawful purpose. It could only excite prejudice; it could tend
to prove no material fact in issue. We specially mention
these two violations of proper practice, to the end that they
may not occur again and perhaps cause a reversal should the
jury find for the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded
for a new trial.