SLOAN, Respondent, vs. BROWN COUNTY STATE BANK,
Appellant.

*March 10—April 5, 1921.*

*Conversion: Measure of damages: Trial: Burden of proof: Prej-
udicial error.*

1. When defensive matter only is pleaded by a defendant, the trial
   court should so frame the special verdict that the burden of
   proof rests on the plaintiff to establish his claims.
2. In an action against a bank for the conversion of corporate
   stock pledged as collateral to a loan to a third person, where
   plaintiff alleged in his complaint that he pledged the stock,
   the fact that the bank in its answer averred that the stock
   was pledged by the borrower did not change the burden of
   proof, and the court erred in his charge in practically in-
   forming the jury that plaintiff could recover unless the bank
   could disprove his claim that he pledged the stock.
3. The placing of the burden of proof on the wrong party, where
   the jury finds against him, is prejudicial error.
4. The market value of the shares of stock at the time of the
   conversion is the measure of plaintiff's damages.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. *Reversed.*

Action for the conversion of certain shares of stock
pledged as collateral security with the defendant for a loan
to one Hooker. When Hooker repaid the loan the bank
delivered the shares of stock to him and he repledged them
at another bank for a larger loan and plaintiff lost them
because Hooker did not repay the loan. Plaintiff alleged
in his complaint that he was the owner of the shares of
stock and that he pledged them as security for Hooker's
loan. The bank alleged in its answer that the shares of
stock were pledged by Hooker and not by the plaintiff,
though it knew he was the owner of the stock, and it is
conceded he came into the bank and indorsed the shares
of stock in pencil for the purpose of their being pledged.

Upon the disputed issues the court submitted to the jury
the questions: (1) Did the plaintiff, *Sloan,* loan and deliver

such ten shares of stock to R. L. Hooker for the purpose of Hooker's pledging it and obtaining a loan on such stock? and (2) If you answer question 1 No, then did the plaintiff, *Sloan,* allow Hooker to so use such stock that when the debt was paid the defendant bank had a right to rely on such use and deliver such stock to Hooker as the agent of the plaintiff? The jury answered both questions No, and found the market value of the stock to be $825 when delivered to Hooker June 21, 1919.

Upon the first question the court instructed the jury:

"The parties have taken issue as to when delivery of this stock was made. There is a dispute on whether *Sloan,* the plaintiff, delivered the stock to R. L. Hooker for him to make a loan on it and pledge it, or whether *Sloan,* the plaintiff, made the delivery of the stock to the bank for Hooker's loan. . . . Now the burden of proof is on the defendant bank to satisfy you to a reasonable certainty by a preponderance of the evidence that the plaintiff, *Sloan,* delivered the stock to Hooker for the purpose of his pledging the same for a loan. If you are so satisfied, then you must answer this question Yes. If you are not so satisfied, then you must answer it No."

Judgment for plaintiff was entered upon the special verdict, and the defendant appealed.

For the appellant there was a brief by *Kittell, Jaseph & Young* of Green Bay, and oral argument by *Lynn D. Jaseph.*

For the respondent there was a brief by *Kaftan & Reynolds* of Green Bay, and oral argument by *Robert A. Kaftan.*

VINJE, J. When defensive matter only is pleaded by a defendant the trial court should so frame the special verdict that the burden of proof rests upon the plaintiff to establish his claims. *Kausch v. Chicago & M. E. R. Co.* 173 Wis. 220, 180 N. W. 808. Here plaintiff's claim as made both by the complaint and evidence was that he pledged the stock. The defendant denied this. The fact that in its answer it

alleged that Hooker pledged it and not plaintiff did not affect the issues in the case nor change the burden of proof. Under a general denial defendant could have shown that Hooker and not plaintiff pledged the stock. The burden of proof was upon plaintiff to establish his case, not, as the court charged, upon the defendant to disprove it. As the case went to the jury the trial court practically said plaintiff can recover in this case unless defendant can disprove his claims and the burden of proof is upon it to disprove them. This was the main issue in the case and the evidence was sharply in conflict upon it. Under such circumstances the placing of the burden of proof upon the wrong party where the jury finds against it constitutes prejudicial error. *Kausch v. Chicago & M. E. R. Co., supra,* and cases cited.

The plaintiff's measure of damage was correctly stated by the trial court as the market value of the shares of stock at the time of conversion.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.