ALESCH, Appellant, vs. HAAVE and wife, Respondents.

*June 9—July 8, 1922.*

*Brokers: Contract for commission: Issue as to genuineness: Questioned signatures: Comparison with signatures not in evidence: Harmless error: Burden of proof.*

1. Under sec. 4189*a*, Stats., authorizing comparison of disputed signatures with signatures to other documents proved to be genuine and admitted in evidence, it was error to permit a cross-examination of handwriting witnesses with respect to the signatures on a document not in evidence; but such error was not reversible error where the court rejected the exhibit when offered in evidence and thereafter struck out the testimony and directed the jury to disregard it.
2. Testimony by the owners of land sued for a commission that the contract relied on by a broker was not the one signed by them, and that the contract as signed consisted of several sheets and did not contain the provision continuing the exclusive agency until fifteen days' notice, was not impossible or incredible, and is sufficient to sustain the verdict in their favor.
3. In an action to recover a broker's commission plaintiff has the burden of proving the execution by the owners of the contract relied on by him, notwithstanding an answer denying the execution of that particular contract and alleging the execution of a contract containing different terms.

APPEAL from a judgment of the municipal court of Outagamie county: ALBERT M. SPENCER, Judge. *Affirmed.*

Defendants were man and wife, owning a large farm near Appleton, which farm they wished to sell. Plaintiff is a licensed real-estate broker. Plaintiff, learning of defendants' desire to sell the farm, called upon them in company with defendants' son-in-law, Fredericks, to solicit the business. After some negotiations a formal contract in writing was signed by defendants authorizing plaintiff to sell the farm on terms stated. The plaintiff took the contract with him and left no copy with defendants.

More than six months after the day of the contract, the plaintiff not having made a sale, the defendants found a

purchaser and made a sale. The plaintiff claimed a then exclusive existing contract, and demanded the commission specified in the contract. Defendants refused payment, and this action was brought to recover such commission.

Plaintiff alleged and offered in evidence a contract between the parties providing for commission, giving plaintiff exclusive right to sell within six months, and thereafter until contract should be canceled by defendants on fifteen days' notice.

Defendants denied the making of the contract so offered, but alleged the making of a contract differing in form and contents, by which the authority of plaintiff ceased at the expiration of six months from date. Trial by jury. Verdict, no cause of action.

For the appellant there was a brief by *Morgan & Johns* of Appleton, and oral argument by *John Morgan*.

For the respondents there was a brief by *Ryan & Cary* of Appleton, and oral argument by *Thomas H. Ryan*.

CROWNHART, J. The plaintiff appeals from the judgment for defendants entered pursuant to a general verdict of a jury. He assigns as errors (1) the admission of improper testimony; (2) refusal of the court to grant judgment for plaintiff notwithstanding the verdict on the ground of failure of any credible evidence to support the verdict; and (3) the failure of the court to properly instruct the jury on burden of proof.

1. To prove the contract offered in evidence plaintiff produced witnesses acquainted with defendants' signatures who testified to the genuineness of the same. Defendants on cross-examination questioned witnesses as to the genuineness of other purported signatures on an exhibit not in evidence. At the conclusion of such examinations the court refused to admit such exhibit in evidence, struck out the testimony relative thereto, and directed the jury to disregard it.

In some jurisdictions spurious signatures or signatures on documents not in evidence are allowed to be exhibited to witnesses as to handwriting for the purpose of cross-examination. Jones, Evidence (2d ed.) p. 701, and authorities cited; *Browning v. Gosnell,* 91 Iowa, 448, 59 N. W. 340. That is not the rule in Wisconsin. Sec. 4189*a*, Stats. 1921; *Pierce v. Northey,* 14 Wis. 9, 11; *Hazleton v. Union Bank,* 32 Wis. 34, 47; *State v. Miller,* 47 Wis. 530, 532, 3 N. W. 31. But the court having rejected the exhibit, stricken out the testimony and directed the jury to disregard it, we hold such cross-examination not reversible error.

2. We confess to considerable doubt as to the correctness of the verdict reached by the jury. However, there was ample evidence, if believed by the jury, to sustain its verdict. There was nothing impossible about defendants' version of the contract. They say the contract was on several sheets of paper, fastened with a clip, of different shape and size from the one produced by plaintiff, and that the contract contained other and different provisions than the one offered by the plaintiff. Defendants were positive in their evidence on this score, and they are corroborated by the evidence of their son-in-law. They were evidently honest in their belief, for they could have canceled the contract on fifteen days' notice, which they undoubtedly would have done before closing the deal if they had understood the contract to have been still in force. The amount of the commission, some $1,650, would have been a strong inducement to cancellation when making a sale wholly on their own account. Some color is lent to their testimony because plaintiff did not leave a copy of his contract with defendants. He says it was not customary. We suggest that it is a fair practice, nevertheless, and it might save similar disputes. Again, the plaintiff sought to have the defendants make a new contract before the sale for the purpose of relisting with the real-estate board. The jury

may have regarded this a suspicious circumstance. The jury and the trial court saw the witnesses and heard them testify. They were in a better position to judge as to the weight to be given to the evidence than is this court. There is nothing inherently impossible or improbable about the claims of the defendants; hence the verdict of the jury was based on credible evidence.

3. The plaintiff alleged the contract of sale in writing, and the burden of proof was on him to establish the fact. The defendants denied the making of the contract alleged. The fact that they claimed that there was another and different contract made instead of the one claimed did not shift the burden of proof. Defendants were not claiming anything under the contract. The contract set up by defendants was immaterial to the issue only as it went to the credibility of the evidence offered by the parties. The instruction of the court that the burden of proof was upon the plaintiff was proper. *Murphy v. Estate of Skinner,* 160 Wis. 554, 152 N. W. 172; *Sloan v. Brown County State Bank,* 174 Wis. 36, 182 N. W. 363.

*By the Court.*—The judgment of the municipal court is affirmed.