HEINEMAN and another, Respondents, vs. OLD NATIONAL BANK, Appellant.

*April 11—May 21, 1914.*

*Banks and banking: Payment of deposit to third person: Negligence: Validity of receipt: Signature procured by fraud: Evidence: Competency: Burden of proof: Instructions to jury: Appeal: Prejudicial error.*

1. When the validity of a written instrument is in issue it is always competent, in an action at law as well as in a suit in equity, to show that the instrument was never executed; that its signature was procured either by fraud or duress, and therefore that it never had any legal existence as a valid instrument.

2. In an action against a bank to recover the amount of a savings deposit, defendant alleged payment and there was evidence to the effect that plaintiffs' grandson, aged nineteen, came to the bank with the savings bank book and asked to withdraw the deposit, but was told that a receipt signed by plaintiffs, or one of them, must first be delivered to the bank; that he was given a blank receipt for execution, and later in the day returned with it bearing the signature of one of the plaintiffs; that the bank, after ascertaining that the signature was genuine, paid the amount to said grandson; and that such signature was in fact obtained by the grandson by artifice, he having engaged the plaintiff who signed in conversation on the subject of writing and declared that she was so old that she could not write her name, whereupon, to prove that she could, she wrote it on the lower edge of a paper produced by him and over the greater part of which he held his hand, she having no idea that she was signing a receipt. *Held*, that the question of defendant's negligence in paying the savings deposit under the circumstances, as well as the question of the said plaintiff's negligence in signing the receipt, were for the jury. BARNES, J., dissents.

3. In such case the burden of proving by clear and satisfactory evidence the fraud by which the signature was obtained was upon the plaintiffs.

4. Where an instruction as to a material issue places upon a party a greater burden of proof than the law requires, and the answer is unfavorable to such party, the error is prejudicial.

APPEAL from a judgment of the county court of Winnebago county: FRED BEGLINGER, Judge. *Reversed.*

Action to recover the value of a bank deposit of $301. Defendant admitted that plaintiffs had made a deposit with it in its savings department, but alleged full payment of the amount deposited with interest. It appears that plaintiffs, who were husband and wife and of advanced age, on May 20, 1911, made a savings deposit of $300 with defendant, payable to either one. On July 31st one John Heineman, their grandson, aged nineteen, who lived with them, secured possession of the bank book without their knowledge, took it to the bank, and secured the money, under the circumstances disclosed in the opinion. The jury by a general verdict found for the plaintiffs, and from a judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Hooper & Hooper,* and oral argument by *Moses Hooper.*

For the respondents the cause was submitted on the brief of *Earl P. Finch.*

VINJE, J. On July 31st John Heineman, the grandson of plaintiffs, aged nineteen, came to the bank with the savings bank book and asked to withdraw the deposit. He was told that a receipt for the money signed by the plaintiffs, or one of them, must be delivered to the bank before the deposit would be paid, and was given a blank receipt for execution. Later in the day he returned with it bearing the signature of *Monica Heineman.* The bank then asked that the genuineness of the signature to the receipt be vouched for by some one known to its officers, and one E. B. Martin certified that it was genuine, whereupon the bank paid the amount of the deposit with interest to John Heineman.

The defendant, to prove payment, introduced the receipt in evidence. The court then received evidence on behalf of plaintiffs given by *Mrs. Heineman* to the effect that her signature to the receipt was obtained by fraud on the part of John Heineman; that he engaged her in conversation on the subject of writing and declared she was so old she could not write her name; that she said she could, whereupon he produced a piece of paper, held his hand over the greater part of it and told her to write her name on the lower edge where he indicated, and that she did so; that she had no idea she was signing a receipt or any other paper of any importance, but signed only to show him she was not so old as to be unable to write her name. The defendant objected to this evidence on the ground that it raised an equitable issue, namely, one of cancellation of a written instrument, which was not triable to a jury. The objection is untenable. When the validity of a written instrument is in issue it is always competent, in an action at law as well as in a suit in equity, to show that the instrument never was executed; that its signature was

procured either by fraud or duress, and therefore that it never had any legal existence as a valid instrument. *Keller v. Ruppold,* 115 Wis. 636, 92 N. W. 364; *Aukland v. Arnold,* 131 Wis. 64, 111 N. W. 212.

A majority of the court is of the opinion that the question of defendant's negligence in paying the savings deposit under the circumstances shown by the evidence, as well as the question of the negligence of *Monica Heineman* in signing the receipt, were properly submitted to the jury. The trial court, however, in instructing the jury relative to the latter question, said:

"Upon this question as to whether *Monica Heineman* at that time did or did not exercise ordinary care and prudence the defendant bank has the burden of proof; and before you can determine or find that *Monica Heineman* failed to exercise ordinary care and prudence in placing her signature upon such order you must be satisfied of such failure on her part by a preponderance of the evidence."

This instruction was clearly erroneous. The genuineness of the signature was admitted by plaintiff. Its effect was sought to be avoided by alleging and proving that it had been obtained by fraud. It is elementary that he who alleges fraud or seeks avoidance of an instrument on the ground of fraud has the burden of proving the fraud by clear and satisfactory evidence. *Lepley v. Andersen,* 142 Wis. 668, 125 N. W. 433. We have held that where an instruction as to a material issue places upon a party a greater burden of proof than the law requires and the answer is unfavorable to such party, prejudicial error is committed (*Carle v. Nelson,* 145 Wis. 593, 130 N. W. 467), and that sec. 3072m, Stats. 1911, cannot save the judgment. Id. The error was peculiarly prejudicial in the present case, for the defendant was powerless to introduce evidence to dispute the story told by *Monica Heineman* as to how she was induced to sign the receipt. Had the jury been properly instructed that the burden of proof was upon the plaintiffs to satisfy the jury by clear and

satisfactory evidence that *Monica Heineman* was free from negligence in signing the receipt, a different verdict might well have been returned.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.

BARNES, J. (*dissenting in part*). I agree that the instruction referred to in the opinion of the court was erroneous. I think the complaint should be dismissed because the evidence failed to show any negligence on the part of the bank in paying over the money.