BURSACK, Respondent, vs. DAVIS, Appellant.

*April 29—June 4, 1929.*

*H. B. Rogers* of Portage, for the appellant.

*Vincent F. McNamara* of Montello, for the respondent

ESCHWEILER, J.  It is conceded that the arrest was made and that defendant did strike the plaintiff over the head with the butt of his revolver.

There is a dispute in the testimony as to the details of the transaction, but we deem it unnecessary to discuss them.

Defendant contends that there was no question of false arrest to be submitted to the jury and that the conceded absence of license plates attached to the vehicle was sufficient to justify the defendant as police officer in taking the plaintiff into custody and taking him before the magistrate.  This contention is based upon the statute, the parts material for consideration being as follows:

"Section 85.04.  (1) No automobile, motor truck, . . . shall be operated upon any highway unless the same shall have been registered *or application for registration* shall have been made to the secretary of state and the registration fee paid.  Any person who shall operate any such vehicle upon any highway after March 15th, unless the same shall have been registered, or application made, as hereinbefore provided, may be arrested by any sheriff, . . . marshal, constable, or any other police officer, and brought before any . . . justice of the peace.  Such . . . justice shall in addition to imposing the penalty provided by section 85.22 require such person *to make application for registration* and pay the fee therefor, and two dollars in addition thereto.  Such judge or justice shall forthwith forward such application and the fee to the secretary of state, and pay the two dollars collected in addition to the registration fee, to the officer making the arrest.  *The absence of number plates shall be prima facie evidence that the vehicle is not registered.*"

(2) This provides for the form of the application and that blanks shall be supplied to the several county clerks and as to the statements required in the same.

"(3) The secretary of state shall register the vehicle described in the application, giving it a distinguishing number, and shall thereupon issue to the applicant a certificate of registration and title, which shall contain the name, . . . the date of registration, . . . and furnish him registration number plates. Said certificate . . . shall always be in the possession of the operator or firmly attached to some accessible part of the vehicle described therein."

(4) (a), (b), (c), (d), (dm), (e), (f), and (g) are provisions as to the amount of such registration fees and other provisions.

(4) (h) . . . "The legal date of application for registration shall, in all cases, be the date of receipt of the application at the office of the secretary of state."

The plaintiff's uncontradicted testimony was that he paid the required amount for the license fee, made out the appropriate application, and saw the check or draft for the amount so obtained in an envelope with the application for registration, and that he, the plaintiff, deposited the same in the mail addressed to the secretary of state. The original application itself was not offered in evidence, neither was there any certificate from the secretary of state or any direct testimony as to when plaintiff's application for license was actually received in the office of the secretary of state.

The trial court instructed the jury that under this statute the absence of the license plate is *prima facie* evidence of non-registration and the defendant had the right to arrest the plaintiff notwithstanding the showing of the receipt, if he, the defendant, did not believe the application had been received, but that if the defendant then did believe from the receipt and what plaintiff said that the application had been made and had been received at the secretary of state's office, defendant had no right to make the arrest; that if the preponderance of the evidence satisfied them to a reasonable

certainty that the defendant believed at the time of the arrest that plaintiff had made the application for registration, and the mail, with the fee, had been received in the secretary of state's office, then they were to find for the plaintiff on the charge of false arrest. Defendant, by proposed instructions and contentions made in the trial court and here, claims that the jury should not have been permitted to consider the question of any possible false arrest or damages for the same.

Defendant made no claim on the trial and makes none here that he had any grounds for not believing plaintiff's statement to him upon the showing of the receipt of the garage men, or for believing that the statement was untrue, and that no application with registration fee had actually been made by plaintiff on March 13th. We are satisfied, however, that the construction that was placed upon this statute by the trial court was correct. We think the plain language of the statute as quoted above does not make it unlawful for any one to drive upon the highways a vehicle requiring registration but for which application has been made and registration fee paid. Under the conceded state of facts as here presented, plaintiff is entitled to the presumption that his application and the registration fee reached the office of the secretary of state in the usual course of mail shortly after depositing the same by plaintiff. The statute evidently contemplates some period of time necessarily to intervene between the receipt of the application and registration fee and forwarding of license plates and their receipt by the applicant.

If the proper steps had been taken by plaintiff for registration and the application and the proper fee had reached the office of the secretary of state, then the plaintiff was lawfully driving the automobile upon the highways and not lawfully subject to be convicted of any violation of the statute or to have inflicted upon him any penalty. If, however,

the defendant, under the situation as presented to him, had reasonable grounds to disbelieve the statement that the conditions of the statute as to registration had been complied with by plaintiff, then he might still be justified in the eye of the law in making the arrest although, as a matter of fact, the plaintiff may not have committed the offense; for the police officer charged with the duties and responsibilities that such officers are is not required to justify his action in making an arrest by a subsequent showing that as a matter of fact the offense was committed. It is sufficient if he has reasonable ground for believing that the offense has been committed by the person whom he then arrests.

We think this material distinction between that which is necessary to sustain a conviction for an offense and that which is sufficient to justify an officer in arresting for the supposed commission of such an offense, was clearly recognized by the charge of the trial court to the jury as above outlined and is in accord with the authorities.

The trial court properly placed the burden of proof in this case, both as to the question raised as to the false arrest and the use of violence in making the same, upon the plaintiff. A criticism, however, is properly made as to the charge so far as it refers to the quantum of proof required in order to warrant a finding for the plaintiff that the defendant either used unreasonable means or excessive force in making the arrest, namely, that the charge was that they were to be satisfied to a reasonable certainty by a preponderance of the evidence, instead of the language which defendant contends is proper to be used in tort actions of this kind and as he requested, namely, a clear and satisfactory preponderance of the evidence, which is the middle of the three recognized standards as to the quantum of evidence required to support an affirmative on a given issue, namely, first, that the jury be satisfied to a reasonable certainty by a fair preponderance of the evidence, applicable in ordinary court ac-

tions; and the second, namely, evidence sufficient to establish to a reasonable certainty by a fair and convincing preponderance of the evidence, applicable in actions of fraud and penal actions; and third, the standard applicable only in criminal cases, where the burden rests upon the prosecution to satisfy the jury beyond a reasonable doubt.

The precise question here involved we do not find has been passed upon in this court before.

The charge as to second degree of proof above decided was recognized as proper in cases involving fraud, gross negligence, or violation of a penal statute, as pointed out in *Hafemann v. Seymer,* 191 Wis. 174, 180, 210 N. W. 373, where a number of cases are cited, and as again pointed out in *Trzebietowski v. Jereski,* 159 Wis. 190, 193, 149 N. W. 743.

As long as the distinction is to be maintained between these three standards of proof, we think that in an action of this kind involving the offense of an unlawful assault and battery, the instruction requested by defendant should be given, namely, that it was incumbent on plaintiff, upon this aspect of the case, to prove it "by a clear and satisfactory preponderance of the evidence."

In view of the record in this case, however, we cannot and do not deem this mistake in the charge as sufficient to reverse the judgment or require a new trial, and unless we were so satisfied it is our duty under statute and judicial holdings to let the judgment stand.

Defendant further complains that there was no proper evidence received of the application being made by plaintiff and the sending of the registration fee with it to the secretary of state. Plaintiff showed, and it was proper for him so to do, that he did see an application properly made out sent to the secretary of state, accompanied with a draft or check for the proper amount.

Motions were made by defendant's counsel during the taking of this testimony to strike and it was objected to as incompetent, irrelevant, and immaterial. At the close of plaintiff's testimony as to this particular transaction a motion was made that it be stricken out, as the check or draft would be the best evidence of the transaction. This objection did not properly present the question now raised, namely, whether plaintiff's testimony was the best evidence of the transaction rather than the testimony of some one from the secretary of state's office or of some official certificate or document from the office of the secretary of state. We are at a loss to understand why the precaution was not taken by plaintiff's counsel to prove from the secretary of state's office itself the fact as to the receipt there of the application and registration fee which the plaintiff could properly testify he had sent forward for the purpose of complying with the statute. We deem this, however, also a non-prejudicial error because the trial court offered the defendant, on considering the motions for a new trial, the opportunity of showing from the secretary of state's office that as a matter of fact the application and registration fee had not been received. The defendant, however, did not avail himself of such opportunity, and plaintiff's case is therefore sufficiently supported by the presumption that the law recognizes, that when proper proof of the depositing with the postal authorities of a communication properly mailed has been made, that it has been carried in due course to the person to whom addressed. Under these circumstances this case should not be sent back for a new trial.

We deem it unnecessary to discuss other assignments of error, and the judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.

FOWLER, J., took no part.