Oberleitner, Respondent, vs. Security Insurance Company, Appellant.

*May 3—June 4, 1929.*

For the appellant there were briefs by *Eberlein & Larson* and *R. H. Fischer,* all of Shawano, attorneys, and *C. B. Bird* of Wausau, of counsel, and oral argument by *Mr. Albert S. Larson* and *Mr. Bird.*

*A. M. Andrews* and *L. J. Brunner,* both of Shawano, for the respondent.

FOWLER, J.   In view of the evidence stated we must hold that the plaintiff, to say the least, inserted the cash register and its grossly exaggerated valuation in the proofs of loss with intent to defraud the insurance company, and thus defeated his right to recover under his policy regardless of other features of the case.   The motion of defendant to change the answer of the ninth question of the verdict from "No" to "Yes" and for judgment of dismissal on the corrected verdict should have been granted.

The above makes it unnecessary to rule upon other points raised by defendant's counsel. However, an instruction complained of seems to us clearly erroneous, and as it relates to a matter on which instruction is frequently necessary in submitting cases, we deem it advisable to state our view of it.

The jury found that the fire involved was not "a set fire." No witness saw any person in the act of setting the fire, therefore a finding that the fire was set had to rest wholly on circumstantial evidence. The court instructed the jury respecting circumstantial evidence in substance that they should not find the fire was set unless the fire was "unexplainable upon any reasonable hypothesis" other than that it was set and unless all the material circumstances established and proved were consistent with that fact and established it "with such a high degree of certainty" as to satisfy the jury by clear and satisfactory preponderance of the evidence and "so as to exclude any reasonable theory that the fire was the result of negligence, mischief, or accident."

This instruction was duly excepted to on the ground that it required too high a degree of proof. It was apparently an attempt so to restate an instruction found in *Colbert v. State,* 125 Wis. 423, 436, 104 N. W. 61, frequently given applicable to circumstantial evidence in criminal cases as to make it applicable to civil cases wherein the act involved as the basis of the claim constitutes a crime. In such a situation the proof need not be beyond a reasonable doubt, but only such as to convince by a clear preponderance of the evidence. We think the exception well taken. The instruction amounts to saying that the proof must be beyond a reasonable doubt, although it says it need be only such as to satisfy by a clear preponderance of the evidence. A familiar statement of the definition of reasonable doubt is that proof is beyond a reasonable doubt when "every reasonable doubt is removed," and when the jury is convinced "that there is no reasonable explanation of the facts proved

except upon the hypothesis that the accused committed the crime charged." *Emery v. State,* 101 Wis. 627, 651, 78 N. W. 145. If, as stated in the instruction, the proof must "exclude any reasonable theory" that the fire "resulted from negligence," etc., and that they should not find the fire was set unless it was "unexplainable upon any reasonable hypothesis" other than that it was set, it must by force of the very definition of reasonable doubt be proved beyond reasonable doubt. The error was accentuated by the use of the word "high" in connection with the words "degree of proof." We are constrained to believe that this instruction was extremely prejudicial and may have influenced the jury to find respecting the setting of the fire contrary to the finding of the jury in the criminal case and contrary, as it seems to us, to the weight of the evidence.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to dismiss the complaint on the merits.