MILONCZYK, Respondent, vs. FARMERS MUTUAL FIRE INSURANCE COMPANY OF THE TOWNS OF FRANKLIN AND OAK CREEK, Appellant.

*November 8—December 3, 1929.*

256

The cause was submitted for the appellant on the brief of *Thomas E. Torphy,* attorney, and *W. H. Bennett,* of

counsel, both of Milwaukee, and for the respondent on that of *F. J. Knoell* of Milwaukee.

ROSENBERRY, C. J. The defendant assigns as error (1) the refusal of the court to grant judgment in favor of the defendant notwithstanding the verdict; (2) the refusal of the court to change the answers to questions 1, 2, and 3 from "No" to "Yes" and in not ordering judgment thereon; and (3) that the court made a prejudicial error in its charge to the jury.

The first two assignments of error raise the question of whether or not the evidence sustains the verdict of the jury to the effect that at the time and place in question a still for the purpose of manufacturing intoxicating liquors was not being operated on the premises in question. Upon the trial the plaintiff was sworn and proof of the issuance and delivery of the policy and premium was made. Plaintiff then testified to the circumstances connected with the burning of the building. His attention was first called to the fire by a man delivering groceries in the neighborhood, at which time the fire was on top of the roof. The plaintiff with such assistance as came to him endeavored to extinguish the fire without success. In respect to the matters set up as a defense the plaintiff testified as follows:

"I used the basement for potatoes, vegetables, baskets, other containers, and I had barrels and other things of that kind there. I had a stove there. I used it for cooking different vegetables and things of that sort for the cattle. On this day there was some fire left in the stove, after I had cooked the meal for the cattle. . . . There was pails, varnish, and white lead that was left behind by the painter who had painted the upper floors. In the basement there was also beets, pears, and small crabapples, jellies and preserves."

On cross-examination he testified substantially to the same effect, adding that there were a number of empty varnish cans and two kegs containing paint. On redirect examina-

tion he testified that there was no oil or turpentine in the basement in connection with the paint. The plaintiff then rested.

The defendant offered the testimony of Jacob Hagermann, Herbert Hagermann, Alfred Cortez, Otto Pittelkow, Anton Borczykowski, Mrs. Anna Borczykowski, Mrs. Rose Streczk, Edward Schweitzer, and John Herda, who were present at the time of the fire. The substance of the testimony offered by these witnesses is that on the day of the fire there were barrels in the basement; that there was a tube leading up to one and a piece of pipe sticking out from one; that there was a container on the floor; that a blue flame was arising from it. The witness Cortez testified that he tried to dip some of this liquid out of the container but that it was so hot he could not do it. The witness Pittelkow testified that he saw four or five jugs; that a blue flame was blazing out of the neck of these jugs; that they tried to remove these jugs but were unable to do so on account of the heat. Borczykowski testified that there were barrels there; that there was a kind of pipe that stuff was dripping from it. Witness Schweitzer testified that he saw barrels and a stove and a barrel with a tube sticking out of it and something running out of it; that what was running out of the tube was burning with a blue flame. There was testimony given by P. S. Sampson, an expert chemist, who testified that the color of alcoholic flame is blue; that "Assuming that in 1922 in the basement of a farm house from a pipe coming from a barrel there came a liquid dripping or running slowly, that in that basement there was a fire in the entire room, and on the floor just below the pipe from which the liquid came there was a container, that this liquid ran into the container, that the liquid in the container burned with a blue flame, that the fire in this particular basement was a general blaze, that barrels were burning, that the win-

dow frames and the door, that everything that was inflammable was burning in this basement, my opinion is that it was an alcoholic flame." He also testified that the blue flame coming out of the four or five jugs indicated that the jugs had an alcoholic content.

At the close of the defendant's case the plaintiff was recalled, as was his wife. They were not asked to deny and did not deny the matters testified to by the defendant's witnesses.

We have not set out the testimony in detail, but enough to indicate that the testimony offered by the defendant led irresistibly to the conclusion that there was apparatus for purposes of distillation; that there was liquid which burned as alcohol burns, alcohol being a product of distillation; that the process was being carried on at the time of the fire; that there were containers in which alcohol was stored. In the face of these facts, uncontradicted as they are, it must be said that it was conclusively established that the premises in question were occupied or used for purposes contrary to law. The manufacture and possession of privately distilled alcoholic liquors is an offense. The fact that the process was carried on at the time of the fire is testified to unequivocally, and upon the whole case it must be said that there is no credible evidence to sustain the finding of the jury that it was not. The finding of the jury is contrary to all of the uncontradicted credible evidence in the case. Statements testified to by the plaintiff might all be true and all that was testified to by the defendant's witnesses might be true. The apparatus in question might have been used for cooking purposes in the intervals when it was not in use as a distillery.

This makes it unnecessary for us to consider the question of interest raised on the notice of review made by the plaintiff. We shall, however, briefly refer to the third assign-

ment of error relating to instructions as to burden of proof. With respect to the first question the court instructed the jury as follows:

"The burden of proof is upon the defendant to satisfy you by a clear, satisfactory, and convincing preponderance of the evidence that that question should be answered 'Yes.' But if you are not so satisfied, you will answer it 'No.'"

The theory of the trial court apparently was that to answer the question "Yes," the burden being upon the defendant to establish the affirmative, required the jury to find that the defendant had committed an offense amounting to a crime. The question of the quantum of proof required to establish the affirmative of a particular question was referred to and discussed in *Bursack v. Davis,* 199 Wis. 115, 225 N. W. 738, 741. It is there stated that there are three recognized standards as to quantum of evidence required to support an affirmative upon a given issue: "first, that the jury be satisfied to a reasonable certainty by a fair preponderance of the evidence, applicable only in ordinary court actions; and the second, namely, evidence sufficient to establish to a reasonable certainty by a fair (clear) and convincing preponderance of the evidence, applicable in actions of fraud and penal actions; and third, the standard applicable in criminal cases, where the burden rests upon the prosecution to satisfy the jury beyond a reasonable doubt."

By error the word "fair" was incorporated in the definition of the second standard, and we take this occasion to indicate that the rule is correctly stated in the *Bursack Case* except that the word "clear" should be substituted for the word "fair." There are many variations of these rules as laid down in the opinions of the court, and it was intended by the court in the *Bursack Case* to contrast the rules and to indicate the correct rule to be applied in each class of situations. In this case the charge given by the trial court, while not in the language indicated in the *Bursack Case,* requires

no greater degree of certainty than that there indicated. It would prevent confusion if trial courts would adhere to the suggestions made for the reason that if different language is used the question is at once presented whether or not a greater or less burden is cast upon the party having the affirmative of the issue than the law warrants. Uniform practice may become irksome in the course of time but leads to certainty and prevents confusion.

Because the uncontradicted credible evidence in the case conclusively establishes a breach of the conditions of the policy, the judgment of the trial court must be reversed, with directions to dismiss the complaint.

*By the Court.*—It is so ordered.