Lang, Respondent, vs. Oudenhoven, Appellant.

*December 7, 1933—January 9, 1934.*

*Elmer R. Honkamp,* attorney, and *F. F. Wheeler* of counsel, both of Appleton, for the appellant.

For the respondent there was a brief by *Raymond J. Cannon* of Milwaukee, attorney, and *Harry P. Hoeffel* of Appleton of counsel, and oral argument by *Mr. John L. Newman* of Milwaukee and *Mr. Hoeffel.*

FOWLER, J. The action grew out of a brawl in a "tavern" connected with a dance hall. The plaintiff was badly beaten up, and in the brawl his upper jaw and cheek bone were broken and divers other personal injuries were inflicted upon him too numerous and not necessary to detail. Trial was had to a jury. By special verdict the jury found that the defendant struck the plaintiff several blows on the right side of his face with his closed fist which resulted in fractures of his upper jaw. His compensatory damages were assessed at $2,000, and punitory damages of $1,500 were awarded. Judgment was entered for the aggregate of these sums with costs.

The appellant assigns as ground for reversal of the judgment that the court erroneously (1) instructed the jury as to the burden of proof; (2) "put the same burden upon the

defendant as was put upon the plaintiff;" and (3) refused to change the answer of the jury to the question submitted.

(1) The instruction given in connection with the question submitted as to the assault was in effect that the burden was on the plaintiff to satisfy the jury of the affirmative to a reasonable certainty by a preponderance of the evidence. The instruction was incorrect. It was held in *Bursack v. Davis,* 199 Wis. 115, 225 N. W. 738, that to establish an assault and battery the burden is upon the plaintiff to establish it "to a reasonable certainty by a fair and convincing preponderance of the evidence." The instruction given by the trial judge in that case was in effect the same as the one given herein, but it was stated in the opinion of this court that "in view of the record . . . we cannot and do not deem this mistake in the charge as sufficient to reverse the judgment or require a new trial, and unless we were so satisfied it is our duty under the statute (sec. 274.37) and judicial holdings to let the judgment stand." The same may be said here with even stronger reason. Here it is without dispute that there was an assault by the defendant. There the assault was disputed. The rule as to burden of proof contended for applies in cases based upon fraud and acts constituting crime. Its application in cases of fraud is based upon the fact that the conduct upon which the action is based involves moral turpitude, and that one ought not to be found guilty of moral turpitude except upon a greater quantum of proof than is necessary in ordinary civil actions. So one ought not in a civil case to be found guilty of a crime except upon such a quantum of proof. *Maldaner v. Smith,* 102 Wis. 30, 78 N. W. 140. The moral turpitude involved and the commission of the crime of assault and battery appears in this case from the defendant's own testimony. The error complained of therefore did not prejudice the defendant in respect of the proof of these matters.

It is urged by defendant's counsel in this connection that the main controversy in the case was whether plaintiff's jaw was broken by the defendant or by one Verhagen who undisputably struck the plaintiff a severe blow on the side of the face before the defendant struck him at all, and that the testimony relating to the main fact involved is so close that here, if ever, an incorrect statement of the rule as to burden of proof was prejudicial. But whether the defendant broke the plaintiff's jaw goes to the extent of the plaintiff's damages, and this need only be proved to a reasonable certainty by a preponderance of the evidence.

(2) The claim that the court erred in placing "the same burden upon the defendant that was put upon the plaintiff" is based upon the fact that the court instructed as to self-defense and stated that the burden was on the defendant to establish it. Appellant seems to concede as he must that if self-defense were involved the instruction given would have been proper, but his point seems to be that as self-defense was not involved under the undisputed evidence, giving the instruction was error. The instruction was needless, but as an abstract proposition it was correct, and that it was not prejudicial is obvious.

(3) It is manifest from the evidence, which we have examined with care, that the question of the extent and grievousness of the injuries inflicted by the defendant were for the jury to determine.

*By the Court.*—The judgment of the municipal court is affirmed.