ZIEGLER, Executor, Respondent, vs. HUSTISFORD FARMERS' MUTUAL INSURANCE COMPANY and another, Appellants.

*May 21—June 12, 1941.*

For the appellants there was a brief by *George A. Hartman* of Juneau, attorney, and *Wilkie, Toebaas, Hart, Kraege & Jackman* of Madison of counsel, and oral argument by *Mr. Harold M. Wilkie* and *Mr. W. E. Torkelson* of Madison.

For the respondent there was a brief by *Cannon & Meister* of West Bend, attorneys, and *Thiel & Allen* of Mayville of counsel, and oral argument by *John A. Thiel* and *John A. Cannon.*

Fritz, J.    Defendants contend that the court erred in instructing the jury (1) as to the degree of evidence by which

the defendants were required to sustain their burden of proof as to arson by the insured and (2) as to the effect of the jury's answer to the special verdict; and (3) also erred in refusing to receive evidence on cross-examination of the assured's widow as to the terms of his will to show her interest in the property destroyed.

The evidence upon which defendants relied to establish that the insured set fire to the property was merely circumstantial. In relation to that issue there was competent evidence under which the jury could find either way. But defendants contend that the court erred in using the terms "clear and satisfactory preponderance of the evidence" in the following instructions:

"The burden of proof is upon the defendants to show by a *clear and satisfactory preponderance of the evidence* that Henry Ziegler, the assured, deliberately set fire to the insured property . . . in order to find in favor of the defendants, the parties who have such burden of proof, you must be satisfied of the truth of their allegations in respect thereto to *a reasonable certainty by a clear and satisfactory preponderance* of the evidence. . . . As stated the preponderance of the evidence in this case on the part of the defendants, must be *clear and satisfactory*."

Defendants claim these instructions required defendants to prove arson beyond a reasonable doubt or, in any event, by more than a preponderance of the evidence. This claim and the contention based thereon cannot be sustained.

The instructions neither mean nor require that defendants had to prove arson beyond a reasonable doubt in order to discharge their burden of proof in respect to that issue. The use of the words "to a reasonable certainty" in the instruction that defendants must satisfy the jury in respect to the alleged arson "to a *reasonable certainty* by a clear and satisfactory preponderance of the evidence" does not require the defendants to satisfy the jury "beyond a reasonable doubt." As was

held in *Pelitier v. Chicago, St. P., M. & O. R. Co.* 88 Wis. 521, 528, 60 N. W. 250, the expression satisfied by the preponderance of the evidence "to a reasonable certainty" does not mean the same as the expression "satisfied beyond a reasonable doubt." See also *Beery v. Chicago & N. W. R. Co.* 73 Wis. 197, 200, 40 N. W. 687; *Ward v. Chicago, M. & St. P. R. Co.* 102 Wis. 215, 219, 78 N. W. 442; *Jones v. Monson,* 137 Wis. 478, 119 N. W. 179; *Sufferling v. Heyl & Patterson,* 139 Wis. 510, 518, 121 N. W. 251. Although it would be error to instruct in an action to recover on an insurance policy that in order to find arson the proof must be beyond a reasonable doubt, or words which amount to saying that (*Oberleitner v. Security Ins. Co.* 199 Wis. 220, 223, 225 N. W. 735; *Washington Union Ins. Co. v. Wilson,* 7 Wis. *169; *Blaeser v. Milwaukee Mechanics' Mutual Ins. Co.* 37 Wis. 31, 39), we said in the *Oberleitner Case, supra,* that "In such a situation the proof need not be beyond a reasonable doubt, but only such as to convince by a clear preponderance of the evidence." That is in accord with the rule which is well established in this state,—notwithstanding decisions to the contrary elsewhere,—that,—

"In civil actions, where fraud, crime, criminal conduct, or conspiracy is alleged, the burden rests upon him who so charges, to establish the proof of such allegations by clear and satisfactory evidence, *Max L. Bloom Co. v. United States C. Co.* 191 Wis. 524, 210 N. W. 689; *Muska v. Apel,* 203 Wis. 389, 232 N. W. 593; or by the clear and satisfactory evidence to a reasonable certainty. *Lange v. Heckel,* 171 Wis. 59, 175 N. W. 788; or by clear, satisfactory, and convincing evidence, *Parker v. Hull,* 71 Wis. 368, 37 N. W. 351; *Milonczyk v. Farmers Mut. Fire Ins. Co.* 200 Wis. 255, 227 N. W. 873." *Estate of Hatten,* 233 Wis. 199, 208, 288 N. W. 278. See also *Poertner v. Poertner,* 66 Wis. 644, 29 N. W. 386; *Klipstein v. Raschein,* 117 Wis. 248, 94 N. W. 63; *Harrigan v. Gilchrist,* 121 Wis. 127, 99 N. W. 909; *Trzebietowski v. Jereski,* 159 Wis. 190, 149 N. W. 743;

*Peterson v. Lemke,* 159 Wis. 353, 150 N. W. 481; *Maahs v. Schultz,* 207 Wis. 624, 242 N. W. 195; *Humbird Cheese Co. v. Fristad,* 208 Wis. 283, 242 N. W. 158; *Banking Comm. v. First Wisconsin Nat. Bank,* 234 Wis. 60, 290 N. W. 735.

And in *Milonczyk v. Farmers Mut. Fire Ins. Co., supra,* p. 260, in which defendant sought to defeat recovery of fire insurance on the ground that a still for illegally manufacturing intoxicating liquor was being operated on the premises, we approved an instruction that the burden of proof that the still was being so operated was upon the defendant to satisfy the jury "by a clear, satisfactory, and convincing preponderance of the evidence." As is stated in 2 Jones, Commentaries on Evidence (2d ed.), p. 1036, § 563,—

"To fasten upon a man the act of wilfully and maliciously setting fire to his own building should certainly require more evidence than to establish the fact of payment of a note, or the truth of an account in setoff; because the improbability or presumption to be overcome in the one case is much stronger than it is in the other. Hence it can never be improper to call the attention of the jury to the character of the issue, and to remind them that more evidence should be required to establish grave charges than to establish trifling or indifferent ones."

Likewise there cannot be sustained defendants' contention that the court erred in using the words "in favor of the defendants" in instructing that by the burden of proof "is meant in this case that in order to find *in favor of the defendants,* the parties who have such burden of proof, you must be satisfied to the truth of their allegations," etc. As this court concluded in respect to the use of the similar words "in his favor" in an instruction as to the burden of proof, "it does not go so far as to inform the jury expressly or by necessary implication of the effect of an answer or answers upon the ultimate right of either party litigant to recover." *Wankowski v. Crivitz P. & P. Co.* 137 Wis. 123, 129, 118 N. W. 643. The words "in favor of the defendants" consti-

tuted merely an adverbial clause which in effect was but equivalent to the expression in order to find "in the affirmative" which is often used in that connection. Whether the instruction is worded one way or the other it does not add anything materially to the inference which reasonably intelligent jurors are likely to draw, even in the absence of any such statement, that a finding in accordance with evidence introduced by a party and the argument of his attorney thereon will be in his favor.

Neither was there any prejudicial error in the ruling by which the court rejected defendants' offer to prove on the cross-examination of the assured's widow her interest in his property. Her counsel had admitted in the presence of the jury that she had such interest, and the court instructed that she was an interested party and that the jury should so infer. In view of these circumstances there is no reason to believe that the effect of her counsel's admission and the instructions thereon was not fully as favorable to defendants as testimony adduced to that effect on cross-examination would have been. Consequently, the ruling limiting the cross-examination was proper in the exercise of the court's discretion in this respect.

It follows that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.