BROWN, Respondent, vs. TRAVELERS INDEMNITY COMPANY, Appellant.*

*June 12—July 1, 1947.*

---

* Motion for rehearing denied, with $25 costs, on September 9, 1947.

For the appellant there were briefs by *Rieser & Mathys* of Madison, and oral argument by *Clifford G. Mathys*.

For the respondent there was a brief by *Karon & Weinberg*, attorneys, and *Philip Weinberg* of counsel, all of Milwaukee, and oral argument by *Mr. Weinberg*.

ROSENBERRY, C. J.    The trial court found the facts substantially as follows:

On November 4, 1945, at about 6 o'clock p. m., the plaintiff was riding as a guest in the Ford automobile insured by the defendant and owned and operated by her husband, George Brown.   Mr. Brown was driving his automobile in a southerly direction on a county road in Jefferson county along the farm known as the Moyse farm.    At that place, the road has a tarred surface about sixteen feet in width, with shoulders on both sides.    The road divides the Moyse farm with the farm buildings on the west side and a cow pasture on the east side. The pasture is fenced and has a gate opening upon the highway about two and one-half rods south of the barnyard gate.

Shortly before 6 o'clock p. m., Mr. Moyse had gone across the road to bring his cows to the barn to be milked, and left the pasture gate leading to the highway open so his cattle could cross the road to the milking barn.   His herd consisted of thirty-one cows and one of the cows, while crossing the highway toward the Moyse barn, was struck by the front end of the Ford automobile driven by Mr. Brown.   The impact severely injured and stunned the cow and knocked her down upon the highway, and also damaged the front end of the car.

Immediately before the collision with the cow, Mr. Brown was operating his car on the westerly half of the tarred road. He did not see the cow until after he struck her upon the highway.    There was nothing upon or along the road to obscure Mr. Brown's view of the highway or of the cow crossing the highway in front of him.

At all times involved in the collision, the car lights were burning.

After the collision with the cow, the plaintiff immediately got out of the car and went toward the farm buildings to inform the family of the accident, but promptly returned to the road before reaching the farmhouse. Upon returning to the road, the injured cow arose and ran into and upon the plaintiff injuring her. Only a few moments transpired between the time Mr. Brown's car struck the cow and the time that the cow attacked or ran into the plaintiff.

The cow was badly injured in the accident and her act upon regaining consciousness, of running into and attacking the plaintiff was a normal response of an injured animal.

George Brown failed to keep a proper lookout for cattle upon the road as he was proceeding south on said highway and the collision with the cow was a natural result of his negligence in failing to maintain a proper lookout, and such negligence was a proximate cause of the injuries suffered by the plaintiff. Mr. Brown's negligence in striking the cow started in motion the set of circumstances that almost immediately thereafter resulted in the plaintiff's injuries. The plaintiff was not guilty of any negligence contributing to her injury.

The court then found the facts in regard to the injuries sustained by the plaintiff and assessed her damages at $2,500 and in addition, awarded $85 for medical expenses incurred by her.

As stated by the defendant, the issues involved are:

(1) Was George Brown, the driver of the automobile, negligent as to lookout?

(2) Was Mr. Brown's failure to see the cow on the roadway a proximate cause of the collision between the car and the cow?

(3) Were the injuries subsequently sustained by Mrs. Brown when she was attacked by the cow proximately caused by Mrs. Brown's failure to see the cow before the collision?

(4) Were the damages assessed by the court excessive?

We will deal with these questions in their order.

(1) The trial court having found that George Brown was negligent as to lookout, the question really is, Does the evidence sustain the finding? Upon the trial Brown testified as follows:

"I did not observe any cows along the road as I came along. I did not see any cows before the accident. The first I saw of a cow was when a cow went and struck the car. I was traveling on the right-hand side of the road. The east fence line is about eight feet from the edge of the traveled road. There would have been room for a car to pass me going in the opposite direction. The front end of the car collided with this cow. . . .

"I did not see the rest of the herd. All I saw was this one cow and that was when I struck her and she laid in the ditch."

Mrs. Brown testified that she saw a cow standing between the gate and side of the road. It was near the gate leading into the Moyse pasture. She did not say anything to her husband because she took it for granted that he saw it.

"The cow was entirely beyond the fence line toward the road when I saw it. It was about ten feet from the side of the road. The cow was headed south when I saw it. If it had been headed toward the car, I doubtless would have said something about it, but it was just standing there."

Under the circumstances, it was the duty of Brown, the driver of the automobile, to keep a reasonably careful lookout so that he might be able to avoid a collision. *Cunnien v. Superior Iron Works Co.* (1921) 175 Wis. 172, 184 N. W. 767. The rule is stated more explicitly in *Storck v. N. W. Casualty Co.* (1940) 115 Fed. (2d) 889.

The plaintiff sitting beside her husband saw the cow although her position was no more favorable for lookout than his. Because she saw the cow headed toward the south and supposed her husband saw it she said nothing, but the fact that she thought her husband must have seen the cow is a very

strong indication that his failure to see it was due to his lack of proper lookout.  Certainly, it cannot be said that the finding of the trial court is against the great weight and clear preponderance of the evidence.

(2) An ingenious argument is made in support of the proposition that Brown's failure to see the cow was not a proximate cause of the collision with the cow.  Under the facts as found by the trial court, it seems almost self-evident that Brown's negligence was the proximate casue of the collision with the cow.  Brown's failure to see the cow cannot be excused on the ground that it was ten feet off the traveled portion of the highway, was facing south and was not in motion, because under the circumstances the cow was plainly visible to the plaintiff sitting beside him.  If Brown had observed the presence of the cow as he might and should have done, he could have turned to the right, stopped his car, put on his brakes, or used other means to avoid a collision.

(3) The third contention that Brown's failure to see the cow before the collision was not a proximate cause of the injuries sustained by the plaintiff raises a more serious question.  When the plaintiff got out of the car to notify the family of the injury to the cow, the cow was unconscious in the ditch on the east side of the road.  The plaintiff must have passed the cow on her way to the milkhouse where she found the boy.  She immediately started to return to the car and had reached the highway when the cow regained consciousness, got up, started to run away and struck the plaintiff.  While the word "attacked" is used, there is nothing to indicate that the striking of the plaintiff by the movement of the cow was the result of any intentional movement on the part of the cow.  The testimony shows that a cow under such circumstances when it regains consciousness is likely to leave the place where it was injured as soon as possible.  That is what the cow did in this case.  Just what would happen after a cow on the highway is struck by an automobile is something that could not have been

foreseen or anticipated by the plaintiff. What the cow did was the natural, reasonable, and probable thing for her to do under the circumstances. The fact that as a result of the cow's movement the plaintiff sustained an injury is therefore a consequence of Brown's negligence in failing to see the cow in the first place.

It is considered that this case is ruled by *Hatch v. Smail* (1946), 249 Wis. 183, 23 N. W. (2d) 460. In that case the negligent act of the driver of an automobile which caused the automobile to overturn was held to be the proximate cause of the injury sustained by one of the occupants who, without request, assisted in setting the automobile on its wheels in the course of which he sustained an injury received from broken glass in the window of the car. In that case it was argued that the actor's negligence was not a proximate cause of the injury sustained by the person who was engaged in righting the car. It was also argued that the injury did not result from the negligence of the driver of the car but from the efforts of the four occupants of the car to tip it back on its wheels. The question was carefully examined and it was held that—

"An intervening act of a human being or animal which is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not a superseding cause of harm to another which the actor's conduct is a substantial factor in bringing about." Citing Restatement, 2 Torts, sec. 443 and comment, and *Kramer v. Chicago, M., St. P. & P. R. Co.* (1937) 226 Wis. 118, 276 N. W. 113.

It was not necessary to create liability on the part of Brown that he should have anticipated the precise course of events which followed as a result of his negligent act. Being negligent, if his negligent act caused the injuries complained of in a natural sequence, the mere fact that the injured cow unexpectedly regained consciousness and in an attempt to escape from the place injured the plaintiff is not a superseding cause of the harm which resulted from the collision. If the cow as

a result of her injury had crashed into the automobile and injured the plaintiff, the matter of causation would present no difficulty. The act of the plaintiff in leaving the car to notify the family of the accident was a natural and probable result of the collision which was due to Brown's negligence. In the course of the performance of that act the plaintiff sustained an injury by reason of the fact that the injured cow unexpectedly rose and ran into and upon her.

It is considered under the principle of law stated that the injuries sustained by the plaintiff were proximately caused by the negligence of Brown.

(4) It is argued that the damages awarded the plaintiff are excessive. The plaintiff was in good health, was able to do all of her own housework, including laundry. She was rendered unconscious as a result of being struck by the cow, of which she has no recollection. She sustained an impacted fracture of the head of the right humerus with downward displacement of the articulating face of the head of the humerus with a fracture through the surgical neck resulting in a permanent disability of twenty-five per cent complete loss of her right arm. She can barely touch the top of her head with her right hand and she cannot lift a flatiron. She cannot use her right arm to hang clothes in her closet; she is right-handed. She suffered some nervous shock. Both of her hips were badly bruised, especially the right hip. She suffered a brain concussion and injury to her back. She was seventy years of age and under mortality tables had an expectancy of life of 8.97 years. Under the facts of this case we cannot say that the sum awarded by the trial court is excessive.

The defendant also contends that the court improperly allowed $85 on account of medical expenses incurred by the plaintiff. This objection is based upon the proposition that the plaintiff was a married woman whose husband was living and therefore she cannot recover for medical or hospital bills without a showing in the record that she had agreed to pay for

the services in question. In the complaint it was alleged that the plaintiff had incurred bills for medical care and will be required to incur further medical care in the future. In the answer it is alleged that—

"[defendant] denies knowledge or information sufficient to form a belief in respect to the nature of the injuries sustained by the plaintiff, or in respect to the pain or suffering which she has or will have, or in respect to the amount of any bills for medical care which she has or will sustain in the future."

The answer did not put in issue the allegation of the complaint that plaintiff had incurred the sum of $85 for medical care. If the expenses were incurred by her she became liable for them. It is considered that the trial court properly allowed the amounts for which the plaintiff became liable to Drs. Dike and Dunn.

*By the Court.*—Judgment affirmed.

FRITZ and WICKHEM, JJ., dissent.