Cox, Respondent, vs. Cox, Appellant.

*May 7—June 15, 1951.*

260

For the appellant there was a brief by *William A. Cameron* and *Howard W. Cameron,* both of Rice Lake, and oral argument by *Howard W. Cameron.*

*Darrell O. Hibbard* and *Frank E. Betz,* both of Eau Claire, for the respondent.

HUGHES, J. Counsel for appellant concedes that the application to open the divorce judgment and allow her additional property is addressed to the discretion of the trial court. She contends, however, that denial of her application amounted to an abuse of discretion and should be reversed.

The trial court found that there is a "total failure of proof of any mistake, inadvertence, surprise, or excusable neglect on the part of the defendant." This finding is completely supported by the record.

Some time after the marriage of these parties the husband engaged in the real-estate business assisted by his wife. Together they accumulated some property and at the time of the divorce divided it on the basis of the value agreed upon in the stipulation. Defendant was familiar with all of the properties and had as much knowledge of their values in 1949 as she had in 1950, as evidenced by statements made to the court at the time of entry of the judgment that she thought the property had greater value than allowed by the husband in negotiating the settlement. Notwithstanding this knowledge she elected to stand upon the stipulation. One property obtained by her in the divorce and evaluated at $4,000 was sold by her thereafter for $4,200.

So far as the record discloses, her health after September 17, 1949, improved and she was able to return to work in February of 1950.

She made no complaint at any time prior to her husband's death that she had not been treated fairly in the property settlement, nor indeed until nearly five months thereafter. The trial court might well conclude that if the husband had lived no complaint would have been made and that this motion was prompted by a desire to get additional property from his estate.

Upon appeal counsel for defendant is unable to point to any mistake from which she should be relieved, but urges that she was victimized by an attorney who shortly before the divorce represented both her and her husband and was instrumental in obtaining the attorneys who represented each in the divorce action. Counsel argues that this constituted "almost a fraud upon the defendant as well as the court."

While these charges were contained vaguely in defendant's petition of September, 1950, they were in support of her motion to be relieved of mistake. A charge of fraud or conspiracy to defraud cannot be insinuated. It must be pleaded directly and proved by proper weight of evidence. Without affording the plaintiff's attorneys an opportunity to defend against a charge of fraud properly laid, defendant does not contend that fraud is proved, but only that the record establishes "almost a fraud." This does not in any way meet the requirements of proof in fraud cases.

"In civil actions, where fraud, crime, criminal conduct, or conspiracy is alleged, the burden rests upon him who so charges, to establish the proof of such allegations by clear and satisfactory evidence, *Max L. Bloom Co. v. United States C. Co.* 191 Wis. 524, 210 N. W. 689; *Muska v. Apel,* 203 Wis. 389, 232 N. W. 593; or by the clear and satisfactory evidence to a reasonable certainty, *Lange v. Heckel,* 171 Wis. 59, 175 N. W. 788; or by clear, satisfactory, and convincing evidence, *Parker v. Hull,* 71 Wis. 368, 37 N. W. 351; *Milonczyk v. Farmers Mut. Fire Ins. Co.* 200 Wis. 255, 227 N. W. 873." *Estate of Hatten* (1940), 233 Wis. 199, 208, 288 N. W. 278.

The record discloses no abuse of discretion on the part of the trial court in denying the defendant's application to re-open the judgment.

*By the Court.*—Order affirmed.