BENGSTON and wife, Appellants, vs. ESTES and another, Respondents.

*January 9—February 5, 1952.*

For the appellants there were briefs by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *W. L. Jackman*.

For the respondents there was a brief by *Rieser, Mathys, McNamara & Stafford* of Madison, and oral argument by *Willard S. Stafford*.

BROWN, J. The appeal rests on various errors said to have been committed by the trial court. The most serious is that the court erred in instructing that the plaintiff had the burden of proving "by a clear preponderance of the evidence and to a reasonable certainty" the elements of defendant's negligence and the causal effect. Plaintiff con-

tends that this is the quantum of proof required in cases where fraud or criminal acts are the basis of civil actions and exceeds the quantum sufficient in matters of simple negligence. The authorities support plaintiff's contention. In *Bursack v. Davis* (1929), 199 Wis. 115, 121, 225 N. W. 738, we stated that there are ". . . three recognized standards as to the quantum of evidence required to support an affirmative on a given issue, namely, first, that the jury be satisfied to a reasonable certainty by a fair preponderance of the evidence, applicable in ordinary court actions; and the second, namely, evidence sufficient to establish to a reasonable certainty by a fair and convincing preponderance of the evidence, applicable in actions of fraud and penal actions; and third, the standard applicable only in criminal cases, where the burden rests upon the prosecution to satisfy the jury beyond a reasonable doubt." We quickly discovered an inadvertent error in this statement and took pains to correct it in *Milonczyk v. Farmers Mut. Fire Ins. Co.* (1929), 200 Wis. 255, 227 N. W. 873, saying, page 260: "By error the word 'fair' was incorporated in the definition of the second standard, and we take this occasion to indicate that the rule is correctly stated in the *Bursack Case* except that the word 'clear' should be substituted for the word 'fair,'" after which we advised, page 261: "It would prevent confusion if trial courts would adhere to the suggestions made for the reason that if different language is used the question is at once presented whether or not a greater or less burden is cast upon the party having the affirmative of the issue than the law warrants. Uniform practice may become irksome in the course of time but leads to certainty and prevents confusion."

It is significant that the different burdens imposed by "fair" and by "clear" required an acknowledgment of our mistake and a correction. The respondent-defendant argues that there is no practical difference unless some additional

qualifying adjective is included to make the phrase read "clear and satisfactory" or "clear and convincing," or the like. We have treated the single adjective "clear" too often as applicable only to fraud and penal cases to consider the argument a valid one. Thus in *Odegard v. North Wis. L. Co.* (1907), 130 Wis. 659, 110 N. W. 809, the trial court instructed that the inference should clearly preponderate in favor of the existence of the fact. We said, page 684: "This instruction is inaccurate, in that it requires a *clear* preponderance of the evidence in order to justify a finding. This is not the rule in civil actions, except in cases of alleged fraud or actions brought to set aside solemnly executed written instruments." In *Oberleitner v. Security Ins. Co.* (1929), 199 Wis. 220, 225 N. W. 735, the court said, page 223, that in a situation wherein the act involved as the basis of a claim is a crime, ". . . the proof need not be beyond a reasonable doubt, but only such as to convince by a clear preponderance of the evidence." In the instant case the use of the phrase "clear preponderance" when applied to negligence and causation is the more misleading because in respect to damages the learned trial court instructed that they should be proved by a "fair preponderance." The jury may well have noted the different language and have concluded that it required a different quantum of proof.

The defendant submits that any error in this instruction was cured because the court gave the same instruction respecting the issues of plaintiff's negligence and their causal effect where the burden of proving the affirmative was upon the defendant. The errors, however, do not cancel each other and leave the instruction harmless. One party may have sufficient evidence to meet a legitimate burden of proof and thereby become entitled to a favorable answer which the jury would necessarily withhold if it believed he must satisfy an excessive requirement; while his opponent would not be at all prejudiced by a like extra burden if he was

fortunate enough in the quantity and quality of his evidence to carry it. In *Carle v. Nelson* (1911), 145 Wis. 593, 130 N. W. 467, we said that a party upon whom an instruction has cast a greater burden than the law requires can justly complain thereof when the answer is unfavorable to him and an erroneous instruction as to the burden of proof upon a material issue must be deemed to affect the substantial rights of the party. We adhered to this principle in *Heineman v. Old Nat. Bank* (1914), 157 Wis. 289, 147 N. W. 360, and reaffirm it now. The error requires reversal of the judgment.

After the jury had retired it sent a message to the learned judge asking further instructions concerning the question of lookout. He did not respond and plaintiff assigns this as error. The court had instructed correctly and the plaintiff had not requested instructions on this subject. We consider it was discretionary whether the court should supplement its original charge.

The court instructed that negligence is a cause when it produces injury or damage "as a natural and probable result" and this is assigned as error. We have used the "natural and probable" phrase from time to time when it was not of particular moment, *Brown v. Travelers Indemnity Co.* (1947), 251 Wis. 188, 28 N. W. (2d) 306, but when the direct question has been put to us, *Osborne v. Montgomery* (1931), 203 Wis. 223, 236, 234 N. W. 372, we have said that it is not the law in Wisconsin that an actor is liable for the natural and probable consequences of his act, his liability not being limited to the probable consequences. In the case at bar no liability was sought to be imposed for any consequences which were not probable as well as natural. In an action where some improbable result was present the instruction might be prejudicial but here, although it is technically incorrect, the plaintiff was not harmed by it.

We have considered plaintiff's other assignments of error but conclude that the situations which produced the legal questions involved are not likely to be repeated in a new trial and that the opinion ought not to be extended by a discussion of them.

*By the Court.*—Judgment reversed and cause remanded with directions for a new trial.

CURRIE, J. (*dissenting*). While I agree that the trial court's instruction on degree of proof required was erroneous, I am equally convinced such error was not prejudicial in this case so as to require a reversal of the judgment and a new trial, as I cannot believe that if the trial court in instructing the jury had used the words *"fair preponderance"* instead of *"clear preponderance,"* the jury would have reached a different result in their verdict.

The same instruction as to degree of proof was given with respect to the issues of defendant's negligence as was given as to the issues of plaintiff's negligence, and yet the jury did find the defendant negligent as well as the plaintiff.

If this were a close case on the facts, we would be forced to conclude that an erroneous instruction, such as given here, might be prejudicial. However, the jury attributed sixty-five per cent of the fault or negligence to the plaintiff, and only thirty-five per cent to the defendant, and no instruction with respect to burden of proof was given to the jury on the question of comparative negligence in the special verdict. The facts of the case well support this apportionment of negligence by the jury, and I would affirm the judgment.